# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:16-cr-00334-JNE-KMM |
| Plaintiff, | **ORDER** |
| v. | |
| (1) Paul R. Hansmeier, | |
| Defendant. | |

Benjamin F. Langner / David J. MacLaughlin, Assistant United States Attorneys, counsel for the government

Andrew H. Mohring / Manvir K. Atwal, Assistant Federal Defenders, counsel for Mr. Hansmeier

On June 23, 2017, the Court held a pretrial motions hearing in defendant Paul Hansmeier's case. The Court issued its ruling on the non-dispositive motions at the hearing. Consistent with the decisions communicated to counsel and Mr. Hansmeier on the record, the Court enters the following order:

1. The government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, **ECF No. 33**, is **GRANTED**. Mr. Hansmeier shall provide discovery as required by the applicable Federal Rules of Criminal Procedure.

2. Mr. Hansmeier's Motion for a Bill of Particulars, **ECF No. 50**, is **DENIED**.

   If an indictment does not provide enough information to a defendant to prepare a defense and avoid prejudicial surprise at trial, a defendant can seek a bill of particulars. *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). However, a bill of particulars "is not a discovery device to be used to require the government to provide a detailed disclosure of the

evidence that it will present at trial." *Id.* (citing *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993)).

Here, though the indictment contains complex allegations, it clearly identifies the charges against which Mr. Hansmeier must defend and provides significant detail about the alleged acts that constitute the crimes charged. Indeed, it provides more detail than many indictments and it readily exceeds the threshold of specificity below which a bill of particulars might be required.

Mr. Hansmeier's most pressing concern appears to be that the specific victims of the alleged fraud scheme were not identified in the indictment. While the Court does not agree that the indictment is silent on this issue, nor that such an omission would necessarily support a request for a bill of particulars, any lack of notice in this regard has been adequately corrected by the government's response to the pretrial motions and by its arguments on the record at the motions hearing. *See, e.g.*, Gov't's Resp. at 5-24, ECF No. 57. Additionally, the government's briefing provides various other pieces of information Mr. Hansmeier claims the indictment lacks, including a discussion of its broad theory of the case. *Id.* As a result, an order requiring a bill of particulars would be inappropriate in this case. *See United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011)(affirming the denial of a bill of particulars in part because of the extensive information regarding the government's theory of the case provided in pretrial briefing).

3. Mr. Hansmeier's Motion for Discovery and Inspection, **ECF No. 51**, is **GRANTED**. The government shall provide discovery, disclosures, and permit inspection as required by the applicable Federal Rules of Criminal Procedure.

4. Mr. Hansmeier's Motion for Discovery of Expert Under Rule 16(a)(1)(G), **ECF No. 52**, is **GRANTED IN PART**. The government shall provide discovery as required by Rule 16 of the Federal Rules of Criminal Procedure at least **thirty days** prior to trial. Both parties have indicated that they believe expert testimony is unlikely

in this case. However, counsel for both sides are encouraged to notify opposing counsel as soon as possible if a different decision is made.

5. Mr. Hansmeier's Motion for Disclosure of Rule 404 Evidence, **ECF No. 53**, is **GRANTED IN PART**. The government shall comply with the notice requirements of Rule 404(b) regarding any evidence it will seek to introduce under the rule at least **thirty days** prior to trial.

   The government indicated at the hearing that it has already provided discovery regarding two potential areas of Rule 404(b) evidence: allegations related to Mr. Hansmeier's bankruptcy filings and evidence of claimed misconduct related to Mr. Hansmeier's involvement in Americans with Disabilities Act litigation. However, counsel for the government has not yet decided whether or to what extent they will seek to introduce such evidence at Mr. Hansmeier's trial on the current indictment. The thirty day notice requirement will give counsel for Mr. Hansmeier adequate time to prepare any necessary motions in limine to the District Court regarding the admissibility of such evidence.

6. Mr. Hansmeier's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, **ECF No. 58**, is **GRANTED**. The government shall comply with its ongoing obligation to provide evidence favorable to the defense as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.

The Court took Mr. Hansmeier's Pretrial Motion to Dismiss, **ECF No. 48**, under advisement as of June 23, 2017. A report and recommendation on that motion will be issued separately.

**IT IS SO ORDERED.**

Date: June 26, 2017                           s/ *Katherine Menendez*
                                              Katherine Menendez
                                              United States Magistrate Judge