UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16-CR-334(1) (JNE/KMM) |
| | ) | |
| PAUL R. HANSMEIER, | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED JURY INSTRUCTIONS OF DEFENDANT HANSMEIER

### I. Introduction

Defendant Paul Hansmeier respectfully submits these proposed jury instructions prior to the forthcoming jury trial proceedings.

### II. Authorities & Abbreviations

Most proposed instructions presented here are paraphrased (with case-specific modifications) from frequently used manuals of model jury instructions, listed and abbreviated as:

| Manual of Model Jury Instructions | Abbreviation |
|---|---|
| Jud. Comm. on Model Jury Instr., *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit* (2017) | *CA8 Crim. Jury Instr. Man.* |
| O'Malley et al., *Federal Jury Practice & Instructions* (Westlaw 6th ed. 2018). | *Fed. Jury Prac. & Instr.* |
| Sand et al., *Modern Federal Jury Instructions—Criminal* (Lexis 2018) | *Mod. Fed. Jury Instr.* |

1

## III. Summary Table of Proposed Jury Instructions

| # | Description | Page |
|---|---|---|
| 1 | Introduction to final charge—province of court and jury | 4 |
| 2 | Consider only the charges | 6 |
| 3 | Consider each count separately | 7 |
| 4 | Presumption of innocence, burden of proof, and reasonable doubt | 8 |
| 5 | Credibility of witnesses—generally | 10 |
| 6 | Credibility of witnesses—informal immunity | 12 |
| 7 | Credibility of witnesses—alleged accomplice | 14 |
| 8 | Defendant as a witness | 15 |
| 9 | Opinion evidence—expert witness | 16 |
| 10 | Submission of indictment | 17 |
| 11 | Mail Fraud & Wire Fraud—nature of the charged offenses | 18 |
| 12 | Mail Fraud—elements | 20 |
| 13 | Wire Fraud—elements | 21 |
| 14 | Mail Fraud & Wire Fraud—scheme or artifice to defraud | 22 |
| 15 | Mail Fraud & Wire Fraud—materiality | 23 |
| 16 | Mail Fraud & Wire Fraud—intent to defraud | 24 |
| 17 | Mail Fraud & Wire Fraud—good faith | 25 |
| 18 | Conspiracy generally—description | 27 |
| 19 | Conspiracy generally—knowing & willful participation | 28 |
| 20 | Mail Fraud & Wire Fraud Conspiracy—elements | 29 |
| 21 | Money Laundering Conspiracy—elements | 31 |
| 22 | Concealment Money Laundering—description | 33 |
| 23 | Concealment Money Laundering—proceeds of specified unlawful activity | 35 |
| 24 | Concealment Money Laundering—knowledge of unlawful nature of activity | 36 |
| 25 | Concealment Money Laundering—knowledge that transaction designed to conceal | 37 |
| 26 | Money Laundering Conspiracy—elements (redux) | 38 |
| 27 | Perjury Conspiracy—description + elements | 39 |
| 28 | Perjury—description | 41 |
| 29 | Subornation of perjury—description | 42 |
| 30 | Perjury—falsity | 43 |
| 31 | Perjury—materiality | 44 |
| 32 | Perjury—willfulness | 45 |
| 33 | Theory of defense | 46 |
| 34 | Fraudulent civil lawsuits—generally | 47 |
| 35 | Fraudulent civil lawsuits—non-frivolous lawsuit cannot be fraudulent | 48 |
| 36 | Fraudulent civil lawsuits—basis in law and fact—copyright infringement | 49 |

| 37 | Copyright infringement—elements | 50 |
| 38 | Copyright infringement—file-sharing computer users | 51 |

## IV. Proposed/Requested Jury Instructions

Defendant Hansmeier respectfully requests that the Court deliver the following instructions to the jury, following the close of evidentiary presentations and closing arguments. These are preliminary requests which may well require modification, addition or deletion, depending upon the evidence and arguments presented at trial. Further, most of these proposed instructions are modified from the cited source materials to fit the facts and legal theories propounded in the case at hand. Last, additional instructions may be required before and during trial proceedings.

*1.*

***Introduction to final charge—province of court and jury***

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions— must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or

opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.[*]

---

[*]

1A *Fed. Jury Prac. & Instr.* § 12:01 (Westlaw 2018)

**2.**

***Consider only the charges***

The defendant is not charged with committing any crime other than the offenses contained in the indictment. You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.[*]

---

[*]

1 *Mod. Fed. Jury Instr.* ¶ 3-3 (Lexis 2018)

1A *Fed. Jury Prac. & Instr.* § 12:09 (Westlaw 2018)

### 3.

### *Consider each count separately*

The indictment contains 18 counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.[*]

---

[*]

1 *Mod. Fed. Jury Instr.* ¶ 3-6 (Lexis 2018)

*CA8 Crim. Jury Instr. Man.* § 3.08 (2017)

## 4.

### *Presumption of innocence, burden of proof, and reasonable doubt*

You must presume the Defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a clean slate—with no evidence against him. The indictment is not evidence of any kind. The law permits nothing but legal evidence presented in court to be considered in support of any charge against a defendant. The presumption of innocence alone is sufficient to acquit the Defendant.

The prosecution always has the burden to prove guilt beyond a reasonable doubt. In a criminal case, the law never imposes upon a defendant any burden or duty of calling any witnesses, or producing any evidence.

A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. That being said, it is not required that the government prove guilt beyond all possible doubt.

Unless the government proves, beyond a reasonable doubt, that Defendant committed each and every element of the offenses charged in the indictment, you must find Defendants not guilty of the offenses. If the jury views the evidence in the case as

reasonably permitting either of two conclusions—one of innocence, the other of guilt—

you must adopt the conclusion of innocence.[*]

---

[*]

1A *Fed. Jury Prac. & Instr.* § 12:10 (Westlaw 2018) (modified)

*See also:*
*CA8 Crim. Jury Instr. Man.* § 3.11 (2017)
1 *Mod. Fed. Jury Instr.* ¶¶ 4-1 & 4-2 (Lexis 2018)

## 5.

### *Credibility of witnesses—generally*

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always

consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.[*]

---

[*]

1A *Fed. Jury Prac. & Instr.* § 15:01 (Westlaw 2018)

*6.*

*Credibility of witnesses—informal immunity*

You have heard the testimony of witnesses who have been promised that in exchange for testifying truthfully, completely, and fully, they will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. These promises were not a formal order of immunity by the court, but rather were arranged directly between the witnesses and the government.

The witnesses who fit this description are:

John Steele, Peter Hansmeier, Mark Lutz, Michael Dugas, Brett Gibbs

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.[*]

---

[*]

1 *Mod. Fed. Jury Instr.* ¶ 7-9 (Lexis 2018)

*See also:*
1A *Fed. Jury Prac. & Instr.* § 15:03 (Westlaw 2018)

## 7.

### *Credibility of witnesses—alleged accomplice*

An alleged accomplice is someone who claims to have participated in the commission of a crime. Such testimony must be examined and weighed with greater care than the testimony of a witness who does not claim to have participated in the commission of the crime.

The witnesses who fit this description are:

John Steele, Peter Hansmeier, Mark Lutz, Michael Dugas, Brett Gibbs

The fact that an alleged accomplice has entered or agreed to enter a plea of guilty to the offense charged is not evidence of the guilt of any other person, including the defendant.

You must determine whether the testimony of the alleged accomplice has been affected by self-interest, or by an agreement made with the government, or by his or her own interest in the outcome of this case, or by prejudice against the defendant. [*]

---

[*]

1A *Fed. Jury Prac. & Instr.* § 15:04 (Westlaw 2018)

*See also:*
*CA8 Crim. Jury Instr. Man.* §§ 2.19 & 4.04 (2017)
1 *Mod. Fed. Jury Instr.* ¶ 7-5 (Lexis 2018)

14

*8.*

### *Defendant as a witness*

You must judge the testimony of Defendant in the same manner as you judge the testimony of any other witness in this case.

### *—or alternatively—*

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.[*]

---

[*] 1A *Fed. Jury Prac. & Instr.* §§ 15:12 & :14 (Westlaw 2018)

## 9.

### *Opinion evidence—expert witness*

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence you may disregard the opinion in part or in its entirety.

As I have mentioned, you—the jury—are the sole judges of the facts of this case.[*]

---

[*]

1A *Fed. Jury Prac. & Instr.* § 14:01 (Westlaw 2018)

*See also:*
*CA8 Crim. Jury Instr. Man.* § 4.10 (2017)

## 10.

### *Submission of indictment*

A copy of the indictment will be provided in the jury room for your review during your deliberations. You may use this document to read the crimes that the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged. With that being said, I will now give you some special instructions regarding the crimes charged.[*]

---

[*]

1 *Mod. Fed. Jury Instr.* ¶ 9-4 (Lexis 2018) (modified)

### *11.*

### *Mail Fraud & Wire Fraud—nature of the charged offenses*

Counts 2-6 of the indictment charge that the Defendant committed the offense known as Mail Fraud. That is to say, that Defendant devised and participated in a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises.

Counts 7-16 of the indictment charge that the Defendant committed the offense known as Wire Fraud. With respect to these counts, it is claimed that Defendant devised and participated in the very same scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

According to the indictment, the general nature of the scheme was that Defendant filed false and deceptive copyright infringement lawsuits. Specifically, the indictment alleges the defendant caused copyright-protected works to be converted to digital computer files. That defendant caused these digital files to be uploaded—in other words, placed into—a computerized file-sharing networks. That a number of users of this file-sharing network downloaded—in other words, took possession of—those same digital files. And that defendant brought lawsuits or threatened lawsuits against these users of file-sharing networks.

It is further alleged that Defendant would make false statements and material omissions to courts, in order to use the court's authority to discover the identities and contact information of the file-sharing network users that I just mentioned. According to

the indictment, this was a step in the alleged scheme. To be clear, however, the indictment *does not* claim that courts were defrauded, and Defendant is not on trial for that. Rather, the indictment alleges that Defendant and others defrauded file-sharing network users who took digital files, as I described a moment ago. In other words, this case is about whether Defendant defrauded file-sharing network users; this case is *not* about any alleged fraud on courts as a means to discover the identities of file-sharing network users.

Defendant has entered a plea of not guilty to these charges. The government therefore assumes the responsibility of proving each of the essential elements of the crimes as charged in Counts 2-16 of the indictment, beyond a reasonable doubt.[*]

---

[*]

2A *Fed. Jury Prac. & Instr.* §§ 47:01 & :05 (Westlaw 2018)

Indictment, ECF 1 at 7-8 & 25-29

*12.*

*Mail Fraud—elements*

In order to sustain its burden of proof for the crime of using the mails to further a scheme or artifice to defraud as charged in Counts 2-6 of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

*One:* Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud as detailed in Counts 2-6 of the indictment.

*Two:* The alleged pretenses, representations, or promises were material. That is, would reasonably influence a person to part with money or property.

*Three:* Defendant did so with the intent to defraud.

*Four:* In advancing, or furthering, or carrying out this scheme to defraud, Defendant caused the mails to be used.[*]

---

[*]

2A *Fed. Jury Prac. & Instr.* § 47:03 (Westlaw 2018)

Indictment, ECF 1 at 7-8 & 25-26

### 13.

### *Wire Fraud—elements*

In order to sustain its burden of proof for the crime of using a wire communication in interstate commerce to further a scheme or artifice to defraud as charged in Counts 7-16 of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

*One:* Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud as detailed in Counts 7-16 of the indictment.

*Two:* The alleged pretenses, representations, or promises were material. That is, would reasonably influence a person to part with money or property.

*Three:* Defendant did so with the intent to defraud.

*Four:* In advancing, or furthering, or carrying out this scheme to defraud, Defendant caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.[*]

---

[*]

2A *Fed. Jury Prac. & Instr.* § 47:07 (Westlaw 2018)

Indictment, ECF 1 at 7-8 & 27-28

### 14.

### *Mail Fraud & Wire Fraud—scheme or artifice to defraud*

The phrase "scheme or artifice to defraud" means any deliberate plan of action or course of conduct by which someone intends to deprive another of his or her property.

The term "false or fraudulent pretenses, representations, or promises" means a statement or an assertion which concerns a material or important fact or a material or important aspect of the matter in question and that was either known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.[*]

---

[*]

2A *Fed. Jury Prac. & Instr.* § 47:13 (Westlaw 2018)

### 15.

### *Mail Fraud & Wire Fraud—materiality*

Under the law, to be a "scheme or artifice to defraud," the false representation at issue must be "material."

A falsehood is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not engage in a particular transaction.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.[*]

---

[*]

2A *Fed. Jury Prac. & Instr.* § 47:13 (Westlaw 2018)

*CA8 Crim. Jury Instr. Man.* § 6.18.1341 (2017)

2 *Mod. Fed. Jury Instr.* ¶ 44-4 (Lexis 2018)

## 16.

### *Mail Fraud & Wire Fraud—intent to defraud*

To act with "intent to defraud" means to act knowingly and with the intent to deceive someone—by means of a "scheme or artifice to defraud" mentioned earlier—and for the purpose of causing some financial loss to another, or bringing about some financial gain to oneself or another.[*]

---

[*]

*CA8 Crim. Jury Instr. Man.* § 6.18.1341 (2017)

### 17.

### *Mail Fraud & Wire Fraud—good faith*

The good faith of Defendant is a complete defense to the charges of Mail Fraud and Wire Fraud contained in Counts 2-16 of the indictment. This is because good faith on is simply inconsistent with the intent to defraud alleged in that charge.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under these statutes, even if the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false representations to others as I defined a moment ago. That is to say, false representations that are material to a person's financial decision-making, and intended to bring about some financial loss to that person.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that the defendant acted with an intent to defraud or whether the defendant acted in good faith, you must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's

burden to prove to you, beyond a reasonable doubt, that Defendant acted with the intent to defraud.

If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit Defendant.[*]

---

[*]

2A *Fed. Jury Prac. & Instr.* § 47:16 (Westlaw 2018)

### 18.

### *Conspiracy generally—description*

Counts 1, 17, and 18 of the indictment accuse the defendant of engaging in three separate unlawful conspiracies.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that Defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they would violate the law by means of some common plan or course of action, as alleged in the indictment.

It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.[*]

---

[*]

2 *Fed. Jury Prac. & Instr.* § 31:03 (Westlaw 2018)

*CA8 Crim. Jury Instr. Man.* § 5.06A-2 (2017)

### 19.

### *Conspiracy generally—knowing & willful participation*

To establish the offense of conspiracy as charged in Counts 1, 17 and 18, the government must prove beyond a reasonable doubt that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that a conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient to prove conspiracy. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law.

What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

As I mentioned, the indictment alleges that defendant knowingly and willfully participated in three separate conspiracies, which you must consider separately. I will now instruct you on each conspiracy as claimed in the indictment.[*]

---

[*]

1 *Mod. Fed. Jury Instr.* ¶ 19-6 (Lexis 2018)

*CA8 Crim. Jury Instr. Man.* § 5.06A-2 (2017)

### 20.

### *Mail Fraud & Wire Fraud Conspiracy—elements*

The first alleged conspiracy may be found in Count 1 of the indictment. This count accuses the defendant of a conspiracy to commit the crimes known as Mail Fraud and Wire Fraud, as I described earlier.

In order to sustain its burden of proof for the crime of conspiracy to commit Mail Fraud and Wire Fraud as charged in Count 1 of the indictment, the government must prove the following four essential elements beyond a reasonable doubt:

*One:* The conspiracy, agreement, or understanding to commit Mail Fraud and Wire Fraud, as described in the indictment, was formed, reached, or entered into by two or more persons.

*Two:* The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect.

*Three:* At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

I will remind you again of my earlier instruction about conspiracies. That is to say, mere knowledge or acquiescence, without participation, in an unlawful plan is not sufficient to prove conspiracy. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. Rather, the government must prove beyond a reasonable doubt that the defendant participated with knowledge of at least some of the purposes or objectives of

the conspiracy, and with the intention of aiding in the accomplishment of the unlawful ends

alleged in the indictment.

### *21.*

### *Money Laundering Conspiracy—elements*

Now let's move on to the second alleged conspiracy, which may be found in Count 17 of the indictment. This count accuses the defendant of a conspiracy to commit the offense called Money Laundering. I will tell you about what Money Laundering is in a moment, but first let's lay out the elements of Money Laundering Conspiracy.  In order to meet its burden of proof, the government must prove four essential elements beyond a reasonable doubt:

*One:* The conspiracy, agreement, or understanding to commit Money Laundering, as described in the indictment, was formed, reached, or entered into by two or more persons.

*Two:* The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect.

*Three:* At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

*Four:* At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.

Once again, I remind you that mere knowledge or acquiescence, without participation, in an unlawful plan is not sufficient to prove conspiracy. The fact that the

acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.[*]

---

[*]

2 *Fed. Jury Prac. & Instr.* § 31:03 (Westlaw 2018)

*CA8 Crim. Jury Instr. Man.* § 5.06A-I (2017)

### 22.

### *Concealment Money Laundering—description*

In order to decide whether the government has proved a Money Laundering Conspiracy, you will need to know what Money Laundering is. I will tell you about this now.

Count 17 alleges that the defendant knowingly and willfully entered into a conspiracy to commit what is known as "concealment" Money Laundering. That is to say, engaging in a financial transaction using funds obtained from some specific unlawful activity, with the intent to disguise the fact that those funds were obtained from that specific unlawful activity.

So, the Concealment Money Laundering alleged in the indictment requires the government to prove a number of things beyond a reasonable doubt.

First, that the defendant conducted a financial transaction which affected interstate or foreign commerce, and involving property constituting the proceeds of specified unlawful activity, which in this case is Mail Fraud and Wire Fraud as I described earlier.

Second, that the defendant knew that the property involved in the financial transaction was the proceeds of Mail Fraud and Wire Fraud, as described earlier.

Third, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of Mail Fraud and Wire Fraud, as described earlier.[*]

---

[*]

*CA8 Crim. Jury Instr. Man.* § 6.18.1956B (2017)

3 *Mod. Fed. Jury Instr.* ¶ 50A-7 (Lexis 2018)

*23.*

***Concealment Money Laundering—proceeds of specified unlawful activity***

The offense of Concealment Money Laundering requires proof beyond a reasonable doubt of a financial transaction involving proceeds of specified unlawful activity, in this case Mail Fraud and Wire Fraud.

Thus, proceeds of specified unlawful activity requires proof that the financial transaction alleged in the indictment—in this case transfers of money to a company called Under the Bridge Consulting—involved money obtained from the commission of Mail Fraud and Wire Fraud as already described.[*]

---

[*]

*CA8 Crim. Jury Instr. Man.* § 6.18.1956J(6) (2017)

3 *Mod. Fed. Jury Instr.* ¶ 50A-3 & -8 (Lexis 2018)

*24.*

***Concealment Money Laundering—knowledge of unlawful nature of activity***

In addition, to prove Concealment Money Laundering, it must be shown that the defendant knew the property involved in the financial transaction was the proceeds of some form of unlawful activity. That is to say, the government must prove beyond a reasonable doubt that the defendant knew the underlying activity—in this case settlements from copyright lawsuits—were unlawful.[*]

---

[*]

*CA8 Crim. Jury Instr. Man.* § 6.18.1956J(8) (2017)

3 *Mod. Fed. Jury Instr.* ¶ 50A-4 & -9 (Lexis 2018)

### 25.

### *Concealment Money Laundering—knowledge that transaction designed to conceal*

Last, to prove Concealment Money Laundering, it must be shown that the defendant acted with knowledge that the transfers to Under the Bridge Consulting were designed to conceal or disguise the true origin of those funds.

If you find the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to [further the innocent transaction], you must find that this element has not been satisfied and find the defendant not guilty.[*]

---

[*]

3 *Mod. Fed. Jury Instr.* ¶ 50A-10 (Lexis 2018)

### *26.*

### *Money Laundering Conspiracy—elements (redux)*

Going back to Count 17 of the indictment, you might recall the actual charge is a Money Laundering Conspiracy, requiring the government to prove each of these elements, each beyond a reasonable doubt:

*One:* The conspiracy, agreement, or understanding to commit Concealment Money Laundering as just described, was formed, reached, or entered into by two or more persons.

*Two:* The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect.

*Three:* At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

*Four:* At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.[*]

---

[*]

2 *Fed. Jury Prac. & Instr.* § 31:03 (Westlaw 2018)

*CA8 Crim. Jury Instr. Man.* § 5.06A-I (2017)

## *27.*

### *Perjury Conspiracy—description + elements*

Now I will describe to you the third and final conspiracy, claimed in Count 18 of the indictment. This charge is labeled Conspiracy to Commit and Suborn Perjury.

The indictment alleges that defendant participated in a Perjury Conspiracy, for the purpose of concealing involvement in the Mail Fraud and Wire Fraud as I have already described.

In order to meet its burden of proof, the government must prove four essential elements beyond a reasonable doubt:

*One:* The conspiracy, agreement, or understanding to commit perjury and suborn perjury, as described in the indictment, was formed, reached, or entered into by two or more persons.

*Two:* The defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect.

*Three:* At the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

*Four:* At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement.

Again, I remind you that mere knowledge or acquiescence, without participation, in an unlawful plan is not sufficient to prove conspiracy. The fact that the acts of a defendant,

without knowledge, merely happen to further the purposes or objectives of the conspiracy,

does not make the defendant a member.[*]

---

[*]

2 *Fed. Jury Prac. & Instr.* § 31:03 (Westlaw 2018)

*CA8 Crim. Jury Instr. Man.* § 5.06A-I (2017)

*28.*

*Perjury—description*

In order to decide whether the government has proved a Perjury Conspiracy, you will need to know what Perjury is. I will tell you about this now.

The offense of Perjury as alleged in the indictment requires the government to prove a number of things beyond a reasonable doubt.

First, that a person testified under oath.

Second, that the testimony so given was false.

Third, at the time he testified, the person knew such testimony was false.

Fourth, the defendant voluntarily and intentionally gave such testimony.

Fifth, the false testimony was material.[*]

---

[*] *CA8 Crim. Jury Instr. Man.* § 6.18.1621 (2017)

## 29.

### *Subornation of perjury—description*

The offense of Subornation of Perjury as alleged in the indictment requires the government to prove a number of things beyond a reasonable doubt.

First, that a person voluntarily and intentionally persuaded another person to commit perjury.

Second, the person did so with the intent that the other person would deceive the tribunal.

Third, the other person actually committed perjury, as I just described.[*]

---

[*]

*CA8 Crim. Jury Instr. Man.* § 6.18.1622 (2017)

*See also:*
2 *Mod. Fed. Jury Instr.* ¶ 48-15 (Lexis 2018)

### *30.*

### *Perjury—falsity*

To prove Perjury, the government must prove beyond a reasonable doubt is that the testimony given, as set forth in the indictment, was false. An answer to a question is false when it is contrary to the facts; that is, when it is not true. The truth or falsity of an answer must be determined by the facts existing at the time the answer was made.

In deciding whether a person's answers are false, the answers must be given their natural meaning in the context in which the words were used. If you find that an answer given by the person was literally true, then this element is not satisfied and there was no Perjury. As long as a statement, or a reasonable interpretation of a statement, is narrowly or literally true, there can be no conviction for perjury, even if you find that the answer was unresponsive to the question asked or intentionally misleading.[*]

---

[*]

2 *Mod. Fed. Jury Instr.* ¶ 48-5 & -8 (Lexis 2018)

### 31.

### *Perjury—materiality*

A false statement is material if it has a natural tendency to influence or is capable of influencing the decision of the tribunal. In the case of a civil deposition, a statement is material if the topic of the statement is discoverable and the false statement had the tendency to affect the outcome of the underlying civil suit for which the deposition was taken.[*]

---

[*]

2 *Mod. Fed. Jury Instr.* ¶ 48-10 & Comments (Lexis 2018)

*32.*

*Perjury—willfulness*

To show Perjury, the government must prove beyond a reasonable doubt is that the person gave those false answers knowingly and willfully. That is, the government must prove that at the time the answers were given, the person knew and believed that his answers were false and that he purposely or intentionally gave the false answers and not because of confusion, mistake or faulty memory.

The requirement that you find that the person acted willfully means that you may not find the person guilty of perjury simply because the person gave testimony which is factually incorrect. The person may have given incorrect testimony because of an honest mistake of facts, confusion, haste, oversight or carelessness. If the person made an erroneous and incorrect statement due to a slip of the tongue or bad memory or through misunderstanding, the person would not be guilty of making the false statement willfully.[*]

---

[*]

2 *Mod. Fed. Jury Instr.* ¶ 48-11 (Lexis 2018)

## 33.

### *Theory of defense*

Defendant Hansmeier will likely request a theory-of-defense instruction, to be crafted based upon the evidentiary presentations and legal rulings made during the course of jury trial.[*]

---

[*]

*CA8 Crim. Jury Instr. Man.* § 9.05 (2017)

### *34.*

### *Fraudulent civil lawsuits—generally*

As  mentioned earlier, according to the indictment, the general nature of the scheme was that Defendant filed false and deceptive copyright infringement lawsuits. Specifically, the indictment alleges the defendant caused copyright-protected works to be converted to digital computer files. That defendant caused these digital files to be uploaded—in other words, placed into—a computerized file-sharing networks. That a number of users of this file-sharing network downloaded—in other words, took possession of—those same digital files. And that defendant brought lawsuits or threatened lawsuits against these users of file-sharing networks.[*]

---

[*]

2A *Fed. Jury Prac. & Instr.* §§ 47:01 & :05 (Westlaw 2018)

Indictment, ECF 1 at 7-8 & 25-29

*35.*

**Fraudulent civil lawsuits—non-frivolous lawsuit cannot be fraudulent**

The law permits civil lawsuits that have an arguable basis in law and fact. Thus, a civil lawsuit that has an arguable basis in law and fact cannot be fraudulent.

A civil lawsuit has an arguable basis in law if it is warranted by: (i) existing law; (ii) a non-frivolous argument for changing the existing law; or (iii) a non-frivolous argument for creating new law.

A civil lawsuit has an arguable basis in fact if the person bringing the lawsuit believes there is evidentiary support for the facts claimed in the lawsuit, or the person believes there will likely be evidentiary support after a reasonable opportunity for further investigation.[*]

---

[*]

Fed. R. Civ. P. 11

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

*36.*

***Fraudulent civil lawsuits—basis in law and fact—copyright infringement***

In this case, it is alleged that Defendant Hansmeier and his associates initiated civil lawsuits against file-sharing computer users for copyright infringement. You must decide whether these lawsuits had an arguable basis in law and fact. To make this decision, you will need to know some things about the law of copyright infringement. I will instruct you on this now.[*]

---

[*]

Fed. R. Civ. P. 11

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

### 37.

### *Copyright infringement—elements*

To demonstrate liability for copyright infringement, the plaintiff must have an arguable factual basis to show:

*One,* the plaintiff is the owner of a valid copyright on some work; and

*Two,* the defendant copied original elements of that work.[*]

---

[*]

4 *Mod. Fed. Jury Instr.—Civil* § 86B.02(2) (Lexis 2018)

*38.*

***Copyright infringement—file-sharing computer users***

When there is an arguable basis in fact with respect to the elements I just mentioned, the law permits copyright infringement lawsuit against computer users who download copyright protected works from file-sharing websites.

There is an arguable basis in law for such a lawsuit even if the copyright holder originally placed the work in the file-sharing website.[*]

---

[*]

*E.g.,*

*Malibu Media, LLC v. John Does,* 950 F.Supp.2d 779 (E.D. Pa. 2013)

*Malibu Media, LLC v. John Doe*, 2014 WL 2581168 (N.D. Ill. 2014)

## V. Conclusion

Defendant Hansmeier requests that the Court supply these instructions during the course of jury trial, subject to modification or supplementation depending upon the evidentiary presentations offered during the course of the proceedings.


Dated: August 14, 2018              *Respectfully submitted,*

                                        *s/ Manny K. Atwal*

                                        MANNY K. ATWAL
                                        Attorney ID No. 282029

                                        Office of the Federal Public Defender
                                        District of Minnesota
                                        107 U.S. Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN 55415
                                        Attorney for Defendant