# EXHIBIT 1



*Prenda Law* Inc.
Intellectual Property Attorneys

VIA U.S. MAIL on 09/26/2012
Spencer Merkel

Re: Hard Drive Productions, Inc. v. John Does 1-1,495
1:11-cv-01741-JDB Ref #66261

Dear Spencer Merkel:

Prenda Law has been retained by Hard Drive Productions, Inc. to file lawsuits against people caught stealing its movies. Our client's engineers observed a user of your IP address illegally downloading its movie, *Amateur Allure - MaeLynn*. This movie is protected by the United States Copyright Act.

In response to a subpoena issued in connection with a federal lawsuit, your Internet Service Provider, Comcast Cable Communications, identified you as the account holder. Specifically, Comcast Cable Communications identified you as the account holder of IP address 24.21.226.72 at the exact time of the infringement, which occurred at July 6, 2011 at 13:33:41 UTC.

Our client's forensic experts deploy sophisticated computer software to capture illegal downloading activities. These experts execute a comprehensive process to detect, record, monitor, verify and report infringing activity. The evidence collected by the forensic team is carefully maintained for future use at trial. A study published by the University of Colorado—and funded by Comcast and Time Warner—determined that the software technology utilized by our client's forensic experts authoritatively established that your IP address, 24.21.226.72, was observed illegally distributing *Amateur Allure - MaeLynn* at July 6, 2011 at 13:33:41 UTC. The study can be found at http://cseweb.ucsd.edu/~dlmccoy/papers/bauer-wifs09.pdf. The forensic experts preserved a piece of the file that the user of your IP address distributed to the other infringers, along with related evidence connected to your Internet account. The purpose of obtaining and preserving this data is so that our client is able to establish its allegations in court, if necessary.

Under the United States Copyright Act, copyright owners may recover up to $150,000 in statutory damages per infringing file, plus attorney's fees. In a Minnesota case very similar to this case, IP address account holder, Jamie Thomas-Rasset rejected an intial settlement offer and chose to litigate her case through trial. At trial, Ms. Thomas-Rasset argued that someone else used her account to commit infringement. The jury disregarded Ms. Thomas-Rasset's defense and awarded the copyright owner $222,000 in damages. A complete description of the case is available online at http://en.wikipedia.org/wiki/Capitol_v._Thomas.

Fax: 312.893.5677        161 N Clark St., Suite 3200, Chicago, IL 60601        Tel: 800.380.0840

www.wefightpiracy.com

In a Massachusetts case, an infringer named Joel Tennenbaum was accused of infringing several music files. Mr. Tennenbaum was offered a settlement of $3,500 for his infringing activities, which he rejected. The record companies secured a judgment in the amount of $675,000 against him. A complete description of the case is available online at *http://en.wikipedia.org/wiki/Sony_BMG_v._Tenenbaum*.

As with Ms. Thomas-Rasset and Mr. Tennenbaum, you have an opportunity to resolve this matter now. You will be able to put this matter behind you, avoid the stress of appearing as a defendant in a multi-year federal lawsuit, and the risk of a crippling jury verdict similar to those described above.

Our client has weighed several aspects of this case, including its likelihood of success, its likely recovery of damages, its attorney's fees award, and the extreme burden of federal litigation on all parties. In exchange for a comprehensive release of all legal claims in this matter, which will enable you to avoid becoming a named defendant in a lawsuit, our firm is authorized to accept the sum of $3,400.00 as full settlement for the claims. This offer will expire on 10/11/2012 at 4:00 p.m. CST.

Under the applicable rules of civil procedure, our lawsuit against you personally will not commence unless we serve you with a complaint. In the event we fail to come to a settlement, our client intends to proceed with sending your file to our local counsel in Beaverton and directing them to file a lawsuit.

To reiterate: If you act promptly, you will avoid being named as a defendant in a lawsuit. You may pay the settlement amount by:

(a) Mailing a check or money order payable to "Prenda Law Inc. Trust Account" to:

> Prenda Law, Inc.
> 26298 Network Place
> Chicago, IL 60673;

(b) Completing and faxing the enclosed payment authorization to (312) 893-5677.

It is very important to include your five digit reference number on your method of payment. Regardless of your payment method, once we have processed the settlement, we will send you your signed Release as confirmation that your payment has been processed and that our client's claims have been released.

Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation, the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an intellectual property attorney.

*Legal Correspondence   Settlement Purposes Only   Not Admissible Under FRE 408*

We strongly encourage you to consult with an attorney to review your rights in connection with this matter. Although we have endeavored to provide you with accurate information, our interests are directly adverse to yours. You should not rely on the information provided in this letter for assessing your position in this case. Only an attorney who represents you can be relied upon for a comprehensive analysis of our client's claim against you. Due to the very special laws regarding intellectual property, we encourage you to consider consulting an attorney who is knowledgeable in this complicated area of federal law. This is particularly important if you decide to litigate this matter. If in fact you do wish to move forward with litigation but do not have an attorney, the OR state bar has an attorney referral service you may wish to contact.

However, If you wish to settle the matter, our office has enclosed a payment authorization form along with a sample of the Release that you will receive after settlement. We look forward to resolving our client's claim against you in an amicable fashion, through settlement, if possible.

Sincerely,

Paul Duffy
Attorney and Counselor at Law
Licensed in Illinois, California,
Massachusetts, and the District of Columbia
Enclosures

Legal Correspondence   Settlement Purposes Only   Not Admissible Under FRE 408



## PAYMENT AUTHORIZATION

I hereby authorize Prenda Law Inc. to withdraw funds from the bank account or credit card listed below for the settlement amount and legal issue referred to on my Release and herein below.

Case Name and Ref#: _____

### PAYOR INFORMATION

Payor's Name: _____

Billing Address: _____

_____

Telephone Number: _____

Signature: _____      Date: _____

### PAYMENT INFORMATION

Payment amount:      $_____

Name on Bank Account / Credit Card: _____

**If paying via bank account:**

Type of Account: Checking / Savings

Routing Number: _____      Account Number: _____

**If paying via credit card:**

Card Number: _____      Exp. Date: _____

Card Type:      ☐ Master Card   ☐ Visa   ☐ AmEx      ☐ Discover

CID Number:  _____ (this is the last three digits on the back of your Master Card, Visa, or Discover Card, or the four digit number in the upper right corner on the front of your AmEx)

---

Fax or mail this authorization to:

Prenda Law Inc.
26298 Network Place
Chicago, IL 60673

Fax: (312) 893-5677

---

Fax: 312.893.5677      161 N Clark St., Suite 3200, Chicago, IL 60601      Tel: 312.880.9160

www.wefightpiracy.com

IN RE: «Case», «CaseNo»
Title of Work: «PiratedContent»

## CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of «Letter1_Expiration» ("Effective Date"), by and between «Client», ("Owner" or "Plaintiff") and the individual or entity that was assigned IP Address «IP_Address» on «Dday» (UTC), by «ISP» (the "Subscriber" or "Defendant John Doe") (Owner and Subscriber are collectively the "Parties").

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Settlement Money</u>. Subscriber shall pay Owner the sum of «Settlement» (the "Settlement Money"). The Settlement Money shall be tendered in the form of a cashier's check, credit card or law firm check with no charge back or check cancellation, made payable to the order of "Prenda Law Inc." and delivered to Prenda Law Inc. 26298 Network Place, Chicago, IL 60673. Subscriber's payment, and Owner's receipt, of the Settlement Money shall be a condition precedent to Owner's obligation under this Agreement, as set forth below, to voluntarily dismiss with prejudice its claims against the Subscriber in the above referenced law suit.

2. <u>Confidentiality – Non Admission.</u> The terms of this Agreement shall be kept confidential. Notwithstanding the foregoing, in the event of any legal action or proceeding or requirement under applicable law or government regulations compelling disclosure of this Agreement or the terms hereof, the recipient shall forthwith notify the other party in writing of such request so that the other party may seek an appropriate protective order or take other protective measures. If, in the absence of a protective order, the recipient is liability. This Agreement is the result of a compromise and shall not be construed as an admission by the Parties of any liability, wrongdoing, or responsibility on their part or on the part of their predecessors, successors, parents, subsidiaries, affiliates, attorneys, officers, directors or employees. Indeed, the Parties expressly deny any such liability, wrongdoing or responsibility.

3. <u>Mutual Releases.</u>
    a. **Owner** and their agents, principals, attorneys, heirs, executors, administrators, predecessors, successors, assigns and privies (the "Owner Releasors"), hereby remise, release, and forever discharge Subscriber, and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Subscriber Released Parties") by virtue of the Subscriber Released Parties' liability for uploading, downloading or otherwise infringing upon Owner's copyright of the "Work", which the Owner Releasors, now have or ever had against the Subscriber Released Parties for any act or omission occurring up to and including the date of this Agreement. The Owner Releasors recognize and understand that they are releasing the aforementioned liability for any act or omission occurring up to and including the date of this Agreement which relates to the Work, regardless of whether or not they knew of said act, omission or of any injury relating thereto.
    b. **Subscriber** and their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliates entitles, assigns, privies, spouses and all other persons, firms or corporation, which are or might be claimed through them (the "Subscriber Releasors"), hereby remise, release, and forever discharge Owner and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, family members, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable (the "Owner Released Parties") by virtue of the owner Released Parties' liability, for any and all actions relating to Owner's conduct in instituting the lawsuit first referenced above in which the Subscriber Releasors, not have or ever had against the Owner Released Parties. The Subscriber Releasors recognize and understand that they are releasing the aforementioned liability for any act or omission occurring from the beginning of time up to and including the date of this Agreement, regardless of whether or not they knew of said act, omission or of any injury relating thereto.

4. <u>Independent Counsel</u>. Each party acknowledges that is has read, reviewed, and fully considered the terms of this Agreement, has had the opportunity to consult with legal counsel, has made such investigation of facts pertinent hereto as it deems necessary and appropriate, and fully understands the terms and effect of this Agreement and executes the same freely of its own accord.

5. <u>No Admission of Liability</u>. The Parties have determined that is would be in their mutual best interests not to engage in further litigation and desire to amicably resolve this matter. It is understood and agreed that this settlement is the compromise of a disputed claim, and that the payment made and other performances hereunder are not to be construed

as admissions of liability on the part of the party or parties hereby released and that the parties deny liability and intend merely to avoid litigations and buy their peace.

6. **Venue.** The venue for any action seeking to enforce or construe the meaning of this Agreement or the obligations of the Parties here under shall be the United States District Court for the Southern District of Florida.

7. **Legal Fees and Costs.** Each party shall be responsible for paying its respective legal expenses and costs incurred in connections herewith and no moneys will be exchanged except as otherwise provided for herein. Should it become necessary for either party to institute legal action to enforce the terms of this Agreement the prevailing party shall be entitled to recover from the other party the reasonable attorneys' fees and costs associated with any such actions.

8. **Binding Effect.** This Agreement shall inure to the benefit of and be binding upon the parties hereto and to their respective successors and legal representatives.

9. **Nonwaiver.** No provision of this Agreement shall be adjudged waived unless any such waiver is signed by the party against whom the waiver is asserted. The waiver by any party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

10. **Severability.** If any provisions or application of this Agreement shall be held invalid or unenforceable then any such provisions shall be deemed severed from this Agreement and the remaining provisions and applications of this Agreement shall not be affected, but rather shall remain valid and enforceable.

11. **Entire Agreement.** This Agreement constitutes the entire agreement and supersedes any and all other understandings and agreements between the parties with respect to the subject matter hereof and no representation, statement or promised not contained herein shall be binding on either party. This Agreement may be modified only by a written amendment duly signed by each party.

12. **Successors and Assigns.** This Agreement shall be binding on and inure to the benefit of all parent companies, affiliates, subsidiaries, related companies, defendants, franchisees, successors and assigns of each of the parties hereto.

13. **Jointly Drafted.** The parties to this Agreement have cooperated in the drafting and preparation of this Agreement. Therefore, this Agreement shall not be construed against either party on the basis that they independently drafted this Agreement.

**Authority.** Each of the undersigned signatories hereby represents and warrants that he or she has the authority to bind the individual or entity on whose behalf he or she is signing this Agreement.

IN WITNESS WHEREOF,

_____
Paul A. Duffy
Prenda Law Inc.
Counsel for Plaintiff