UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 16-334 (1) (JNE/KMM)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| vs. | ) | **POST-SENTENCING RELEASE** |
| | ) | **PENDING APPEAL** |
| Paul R. Hansmeier, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Paul R. Hansmeier, by and through his attorney, Manny K. Atwal, respectfully asks that the Court grant him post-sentencing release pending his forthcoming appeal, based upon these points and authorities—

**Relevant Background**

1.    The government has charged Mr. Hansmeier with numerous federal fraud offenses, as well as derivative offenses such as conspiracy and money laundering. At the time of the events in question, Mr. Hansmeier was a licensed lawyer. And the government's charges stem from his professional activities in that capacity. (ECF 1).

2.    The government's fraud theory is that Mr. Hansmeier and others would:

(a). seek and obtain legal protection for certain pornographic films under the federal Copyright Act;

(b). cause digital copies of these same films to be placed on a secretive file-sharing website;

(c). employ software to monitor any computers used to download these same films (*i.e.,* determine the computer-identifying "IP address" associated with each download);

1

(d). file "John Doe" lawsuits in state and federal courts—some containing claims that were factually or legally dubious—for the purpose of gaining access to judicial subpoena power;

(e). use that same subpoena power to gain access to the business records of internet service provider companies, so as to determine the identity of persons registered to the aforementioned IP addresses, *i.e.,* those IP addresses linked to computers which had apparently downloaded the above-referenced copyright-protected films; and

(f). send settlement request letters to the above-referenced persons registered to the software-captured IP addresses, many of whom would pay the settlement proposal in lieu of impending legal action.

(*E.g.,* ECF 103 & 127).

3.      Mr. Hansmeier filed a motion to dismiss under FRCrP 12, challenging the above as failing to constitute a legally viable theory under the charged federal fraud statutes. (ECF 49). Of particular note, the defense observed that even taking the above as true:

(a). the settlement-letter recipients were registered owners of IP addresses which had downloaded copyright-protected works;

(b). hence there existed a good-faith factual basis for the theory that all settlement-letter recipients were the ones who had downloaded the copyright-protected works, giving rise to a civil cause of action in the hands of the copyright holder;

(c). the settlement letter recipients had ample opportunity to refuse the settlement offer, dispute the allegations in a court of law, or take whatever legal action they might deem appropriate;

(d). any claimed falsehoods to subpoena-issuing courts via "John Doe" lawsuits would have been merely for the purpose of gaining access to the subpoena authority necessary to match IP addresses with a registered user, and there is no showing or allegation that any such computer user relied upon any such falsehood in making a settlement payment. (*See, e.g.,* ECF 49 at 40-42).

4.     The Honorable Magistrate Judge recommended denying the defense motion, (ECF 66), and this Court adopted that conclusion, (ECF 76). Certainly, the defense acknowledges and respects the Court's decision in this regard.

5.     That being said, at a minimum it must be acknowledged that the government's criminal fraud theory is novel and untested, so far as the defense can discern from the legal literature. Hence, though he has elected to enter a negotiated plea after the Court's above-referenced determination of law, Mr. Hansmeier intends to seek review from the Eighth Circuit Court of Appeals. This intention is reflected in his conditional plea agreement, which explicitly reserves the opportunity for appellate review under FRCrP 11(a)(2). (ECF 103 at 2).

6.     The indictment in this case was filed in December 2016—approximately two and one-half years ago. All this time, Mr. Hansmeier has been on release. He has been fully compliant with the Office of Probation and Pretrial Services, and has attended all mandatory court proceedings. Beyond that, with his legal training and knowledge of relevant facts, he has been of invaluable assistance to his public defense attorney in preparing for this very complex case.

## Discussion

A sentencing court is authorized to stay a defendant's prison sentence pending a forthcoming appeal. Fed. R. Crim. P. 38(b)(1). Such post-sentencing release may be granted where:

(1).   There exists clear and convincing evidence that the person is not likely to flee or pose a danger to public safety; and

(2).   The appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . reversal"

18 U.S.C. § 3143(b)(1). Both factors counsel in favor of Mr. Hansmeier's post-sentencing release here:

### 1.   Mr. Hansmeier is unlikely to flee or endanger public safety.

As noted earlier, Mr. Hansmeier has been free on pretrial and post-plea release for approximately two and one-half years. In that time, he has been fully compliant with the pretrial services office. And he has demonstrated no risk of flight, and certainly no danger to the community. Thus, he meets the first criterion for post-sentencing release pending appeal.

### 2.   The forthcoming appeal raises a substantial question of law.

The next question, then, is whether the Mr. Hansmeier's forthcoming appeal will "raise[] a substantial question of law." 18 U.S.C. § 3143(b)(1). It does.

Mr. Hansmeier has submitted extensive briefing as to the legal viability of the government's theory of criminal fraud, *i.e.,* (1) copyright holder places protected works on file-sharing network and monitors IP address of downloaders; (2) copyright holder misleads courts of law in order to access civil subpoena authority to match contact

information of persons associated with aforementioned IP addresses; (3) copyright holder sends settlement proposal letters to above persons discovered via subpoena. (ECF 49 & 73). The government thinks this states a legally viable theory of criminal fraud, and this Court agrees. However, it must be conceded that the fraud theory is novel and complex. Particularly since the government supplies no authority for its implicit claim that a copyright holder's placement of protected works on a file-sharing network somehow vitiates any civil claim against downloaders under the federal Copyright Act. And because the government's principal theory is that the copyright holder misled courts to access judicial subpoena power as an investigative tool, not to somehow trick putative downloaders into paying a settlement to which they bore no legal exposure.

In a word, the theory is novel. And though novel legal theories sometimes catch on and stand the test of time, oftentimes they do not. And it must be acknowledged that the Court of Appeals very well may not countenance with the government's framing of its criminal fraud theory.

To justify post-sentencing release, a defendant need only show that the proposed legal issue on appeal be "substantial," meaning "a close question or one that could go either way." *United States v. Powell,* 761 F.2d 1227, 1233-34 (8th Cir. 1985). The Eighth Circuit has said this means more than a garden variety non-frivolous issue, but on the other hand the proponent needn't show that he is "likely" to prevail. *Id.* Rather, as just mentioned, he need only show that the question is a "close" one that could tip one way or the other. *Id.*

The defense believes that this case presents just such a "close" question, for the reasons already stated.

5

Beyond this, this particular case presents a number of prudential reasons to grant post-sentencing release and a stay of sentence pending appeal. This case is quite sophisticated and complex, and Mr. Hansmeier is uniquely able to assist his high-caseload public defense attorney when on release. Not so, should he be incarcerated. And as already noted, he continues to be very compliant with pretrial services, and has shown neither risk of danger nor flight.

For all of these reasons, the defense requests that this Court grant Mr. Hansmeier post-sentencing release and stay of his sentence pending appeal.

Dated:  May 30, 2019                          Respectfully submitted,

                                              *s/ Manny K. Atwal*
                                              _____

                                              MANNY K. ATWAL
                                              Attorney ID No. 282029
                                              Attorney for Defendant
                                              107 U.S. Courthouse
                                              300 South Fourth Street
                                              Minneapolis, MN 55415