UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-CR-334(1) (JNE/KMM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(1) PAUL R. HANSMEIER,

        Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

The United States of America, by and through its attorneys Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorneys Benjamin F. Langner and David J. MacLaughlin, and Brian Levine, U.S. Department of Justice Senior Counsel, submits this response to the motion for bail pending appeal filed by defendant Paul R. Hansmeier (Doc. 132).

## Legal Standard

Title 18, United States Code, Section 3143(b) provides that a defendant who has been sentenced to a term of imprisonment must be detained pending appeal, unless the court finds:

**(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety or any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)** that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in –

    **(i)** reversal,

>> **(ii)** an order for a new trial,
>
>> **(iii)** a sentence that does not include a term of imprisonment, or
>
>> **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985), the Eighth Circuit held that this statute, passed in 1984, was animated by "the announced purpose of Congress, which was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." *Id.* at 1232. With this "announced purpose" in mind, the Eighth Circuit held that a defendant seeking release pending appeal must satisfy a demanding tripartite test.

> First, the defendant bears the burden of showing by clear and convincing evidence

that he is not a risk of flight.

> Second, the defendant
>
> must show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show simply that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still "reasonable") or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal.

*Id.* at 1233-34.

> Third, even if a defendant raises a "substantial" question,
>
> the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.

*Id.* at 1234. The Eighth Circuit emphasized that this third test is satisfied only if "reversal or an order for a new trial, of all counts on which imprisonment has been imposed, is

likely." *Id.* at 1231. Thus, to satisfy his burden, Hansmeier must demonstrate that he has raised a "substantial" question that would result in the reversal of his convictions, and demonstrate by clear and convincing evidence that he is not a flight risk.

Hansmeier cannot satisfy his burden for release pending appeal.

## Analysis

A.   *Hansmeier Failed to Raise a Substantial Question of Law*.

Hansmeier attempts to raise the required "substantial questions of law or fact" by simply repeating the arguments he made in support of his motion to dismiss the Indictment in this case (Doc. 48). Essentially, Hansmeier argues that he should be released from custody because this Court erroneously denied his motion to dismiss.

Whether this Court erred in denying Hansmeier's motion to dismiss is, respectfully, not a close question. In a well-reasoned 13-page report and recommendation, Magistrate Judge Menendez unequivocally found that "not only does the indictment adequately describe an unlawful fraudulent scheme, but none of Mr. Hansmeier's arguments about the flaws in the indictment withstand scrutiny." Doc. 66 at 4. After Hansmeier objected, this Court agreed that Hansmeier's tactic of "isolat[ing] particular allegations and argu[ing] that, viewed alone, an alleged act is not fraudulent or illegal" was unpersuasive. Doc. 76 at 3. As a result, this Court adopted Magistrate Menendez's recommendation, and denied Hansmeier's motion to dismiss. *Id.* at 6.

In his motion for release pending appeal, Hansmeier continues to ignore the ultimate issue both in his motion to dismiss and in his forthcoming appeal. The question is not whether Hansmeier committed a crime, but whether the Indictment states an offense. As

3

this Court correctly noted, in analyzing a motion to dismiss, the allegations in the Indictment "must be accepted as true." Doc. 76 at 2.

As a result, Hansmeier's attempts—both in his motion to dismiss and again in this motion for bail pending appeal—to assert facts suggesting that he had a "good-faith" basis to bring the copyright infringement lawsuits, are entirely beside the point. The *only* issue preserved for appeal is whether the Indictment, assuming its averments are true, states an offense. Since the Indictment in this case avers that Hansmeier filed copyright infringement cases with "fictitious and bad faith claims," surreptitiously seeded pornographic movies onto BitTorrent websites, lied to courts and victims about material facts, created sham entities as clients, recruited ruse defendants to deflect courts' scrutiny of early discovery requests, suborned perjury, and thereby obtained millions of dollars illicitly, it is virtually certain that the Eighth Circuit will agree with this Court that the Indictment states an offense. *See* Doc. 66 at 7.

**B.**   ***Hansmeier Cannot Prove by Clear and Convincing Evidence that He is not a Flight Risk.***

Hansmeier's conduct both during the period of the offense, and during the pendency of this case, undermines any argument he could advance to satisfy his clear-and-convincing-evidence burden of showing that he is not a flight risk. During the period of the offense, Hansmeier engaged in a complex scheme to defraud thousands of people. He repeatedly lied to courts, both in writing and in person, and encouraged others to lie on his behalf. He created sham entities, some domiciled in foreign countries (St. Kitts and Nevis, island countries in the Caribbean), in order to shield himself from responsibility. He used

other people, including his own employees, to protect himself. When his crimes were detected, he suborned perjury and destroyed evidence. Hansmeier clearly possesses the cunning and the wherewithal to flee from his prison sentence.

Finally, the prison sentence from which Hansmeier may flee is likely to be a substantial one. The government has asked for a lengthy prison sentence because Hansmeier abused his law license egregiously for many years, and inflicted both humiliation and financial losses upon numerous victims scattered throughout the United States.

## Conclusion

For the foregoing reasons, Hansmeier's Motion for Bail Pending Appeal (Doc. 132) should be denied.


Dated: June 11, 2019               Respectfully submitted,

                                   ERICA H. MACDONALD
                                   United States Attorney

                                   s/ *Benjamin F. Langner*

                                   BY: BENJAMIN F. LANGNER
                                   DAVID J. MACLAUGHLIN
                                   Assistant U.S. Attorneys

                                   BRIAN L. LEVINE
                                   Senior Counsel
                                   United States Department of Justice