UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-334 (1) JNE/KMM

| | |
|---|---|
| UNITED STATES OF AMERICA, | NOTICE OF CHANGE OF DEFENDANT'S ECONOMIC CIRCUMSTANCES AND MOTION TO AMEND THE PAYMENT TERMS OF THE JUDGMENT IN A CRIMINAL CASE AND ORDER THE DEFENDANT TO PAY OVER SETTLEMENT FUNDS FOR APPLICATION TO THE RESTITUTION JUDGMENT |
| Plaintiff, | |
| v. | |
| PAUL R. HANSMEIER, | |
| Defendant. | |

# INTRODUCTION

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorney Ana H. Voss, hereby notifies the Court of an upcoming material change in the economic circumstances of Defendant Paul R. Hansmeier, and moves the Court for an order amending the payment terms set forth in the Judgment entered in this case on June 14, 2019. *See* Dkt. #136. The United States requests the Court order the defendant to pay over $75,000.00 in settlement funds to the U.S. District Clerk for payment of restitution to the victims, pursuant to 18 U.S.C. § 3664(k) on the basis that Defendant's economic circumstances will be materially changing within the next week. The United States requests expedited handling of this request to ensure the funds are available for restitution victims.

## FACTS

On June 14, 2019, this Court entered a criminal judgment against the defendant, which imposed a $200.00 special assessment and restitution in the amount of $1,541,527.37 for the benefit of hundreds of victims.

Just one day prior to sentencing, the defendant provided a completed financial statement to the Probation Office identifying his current financial condition. In completing the net worth portion of the financial statement, the defendant disclosed a payment of $75,000.00 due to him from Booth Sweet LLP by reason of a court order.

The United States has learned that the defendant is involved in an adversary proceeding related to the Chapter 7 bankruptcy matter *In re Paul Hansmeier*, 15-42460 (KHS). *Hansmeier v. Chowdhry, et al*., Adv. No. 16-4124. A Notice of Settlement was entered on the docket on May 31, 2019, which states that the defendant will soon receive the $75,000.00 as settlement funds from Randy L. Seaver in his capacity as the Chapter 7 panel trustee of the Bankrupty Estate of the defendant. *In re Hansmeier*, Bky. No., 15-42460, Docket No. 268. The terms of that notice indicate that there is an objection period for creditors to object to the settlement that ends on June 25th and that court approval of the settlement is necessary. *Id.* The trustee is obligated to pay Mr. Hansmeier (or his designee) the proceeds of the settlement within three days of the court's approval. *Id.*

As a result of the settlement in the Chapter 7 matter, the United States expects the defendant's economic circumstances and ability to pay will significantly and materially change in the next week. The United States sent Mr. Hansmeier a request to stipulate to turn over the funds, but we have not received a motion. We are therefore requesting the

Court order the payment of these funds towards restitution immediately.

# ARGUMENT

1. **Notice of Change of Defendant's Economic Circumstances.**

Pursuant to 18 U.S.C. § 3664(k), the United States hereby notifies the Court and the restitution victims, by separate pleading, of the change in the defendant's economic circumstances and the government's request that the Court modify the payment terms of the Judgment in a Criminal Case to require immediate payment of the $75,000.00 to be received by Defendant from a settlement of an adversary proceeding in bankruptcy. *In re Paul Hansmeier*, 15-42460, Docket No. 268; *Hansmeier v. Chowdhury*, Adv. No. 16-04124.

2. **18 U.S.C. § 3664(K) Authorizes the Court to Require Immediate Payment of the Settlement Proceeds to be Received by the Defendant to the Court for Distribution to the Restitution Victims.**

Title 18, United States Code § 3664(k), anticipates the Defendant should notice the Court and the United States of any material change in his economic circumstances that might affect his ability to pay restitution. It goes on to authorize the Court, upon receipt of that notice, either on its own motion or the motion of any party, including the victim, "to adjust a payment schedule, or require immediate payment in full, as the interests of justice require." *See United States v. Vanhorn*, 296 F.3d 713, 721 (8th Cir. 2002) (noting that the district court has jurisdiction under § 3664 to adjust payment schedules as justice requires). *See also United States v. Bernard*, 351 F.3d 360 (8th Cir. 2003); *United States v. Dye*, 48 Fed. Appx. 218, 2002 WL 31245976 (8th Cir. 2002).

A material change in Defendant's economic circumstances is "identified by an

objective comparison of defendant's financial condition before and after a sentence is imposed." *See United States v. Dye*, 48, Fed. Appx. at 220. Further, . . ."when funds or property are not available to a defendant until after a prosecution, and are later released or made available, the defendant has had a material change in economic circumstances that may affect the defendant's ability to pay restitution." *Id*.

The Judgment in a Criminal Case entered as to the defendant in this case states on page one that "If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances."  *See* Dkt. #136.  The defendant is to receive $75,000.00 as outlined above.  This asset did not exist on the date of sentencing, so it represents a material change in his economic circumstances since the date of sentencing.

The material change in Defendant's economic circumstances is significant and justifies the Court ordering an adjustment in the payment terms set forth in the Judgment in a Criminal Case pursuant to 18 U.S.C. § 3664(k).  The United States respectfully requests an order directing the Bankruptcy Trustee to immediately pay over the settlement proceeds to the U.S. District Court Clerk for payment of restitution to the victims in this case after the settlement is approved by the bankruptcy court.  Given the defendant's current financial circumstances, the interests of justice require more from him.

3. **The Settlement Funds Being Paid To Hansmeier Are Not Exempt From Execution For The Payment Of Restitution Pursuant To 18 U.S.C. §3613(a)(1).**

18 U.S.C. § 3613(a)(1) provides that the United States may enforce a criminal restitution judgment against "all property or rights to property" of the defendant, except

property exempt from levy for taxes pursuant to 26 U.S.C. §§ 6334(a)(1)-(8), (10) and (12). This plain language of section 3613 states that the only property of a defendant exempt from execution is that which falls within the categories enumerated in section 3613(a)(1), no other exemptions apply. *See United States v. Irving*, 432 F.3d 401 (2d Cir. 2005); *Rice*, at 1198-1199. 26 U.S.C. § 6334(a) specifically sets out the exemption from execution as follows:

(1) Wearing apparel and school books.
(2) Fuel, provisions, furniture, and personal effects.
(3) Books and tools of a trade, business, or profession.
(4) Unemployment benefits.
(5) Undelivered mail.
(6) Certain annuity or pension payments.
(7) Workmen's compensation.
(8) Judgments for support of minor children.
(9) Minimum exemptions for wages, salary, and other income.
(10) Certain service-connected disability payments.
(11) Certain public assistance payments.
(12) Assistance under Job Training partnership Act.

Clearly, the settlement funds are not exempt from execution for payment of the defendant's restitution obligation.

**4.    Requiring Hansmeier To Pay Over These Settlement Funds Now Would Be Consistent With The Purpose Of The Mandatory Victims Restitution Act ("MVRA") 18 U.S.C. §§ 3663-64.**

The defendant was sentenced under the Mandatory Victims Act ("MVRA"). 18 U.S.C. §§ 3663-64, which was passed to improve the compensation of the victims of crimes. *See United States v. Simmonds*, 235 F.3d 826, 831 (3d Cir. 2000) (noting that the purpose of the MVRA is "to the extent possible, to make victims whole, to fully compensate victims for their losses, and to restore victims to their original state of well-

being"). *See United States v. Edwards*, 162 F.3d 87, 91 (3d. Cir. 1998) ("Congress intended mandatory restitution to be one means by which the criminal justice system could be reformed into a system that is more responsive to the needs of crime victims.")

In light of the MVRA's purpose, courts have rejected the argument that defendants "are not obligated to pay anything over and above [the court-imposed payment schedule]." *United States v. Bedonie v. Serawop*, 317 F. Supp. 2d 1285, 1330 (D. Utah 2004), *reversed and remanded on other grounds by United States v. Bedonie*, 413 F.3d 1126 (10th. Cir. 2005). The *Bedonie* court noted that "[s]uch a reading would significantly hamper crime victims . . .contrary, of course to the fundamental purposes of the MVRA." *Id*. The court pointed out that the MVRA allows a victim to place a lien on a defendant's property for the "full amount of the restitution order. . .apparently without regard to any payment schedule that the court might set." *Id*. at 1331; *See also* 18 U.S.C. § 3664(m)(1)(B). The Court reasoned that "[n]othing in the MVRA provides any reason for blocking district courts from making restitution due immediately, even if the defendant is only expected **by the court** to make payments on a more modest schedule." *Id*. at 1332 (emphasis added). Thus, the court concluded that the MVRA provides crime victims an opportunity "to pursue their own enforcement efforts" beyond the court-imposed payment schedule (*Id*.) and gain "[full compensation] for a defendant's past crimes if that defendant unexpectedly inherits money, wins the lottery, or otherwise strikes it rich." *United States v. Catoggio*, 326 F.3d 323, 329 (2d Cir. 2003) (internal quotation marks omitted).

In *United States v. Cooper*, 2006 WL 3512936 (D. Kan. Nov 1, 2006), the Court found that "Despite defendant's compliance with the court-ordered payment plan, the

government in this case can likewise target defendant's settlement funds to further satisfy defendant's obligation to provide restitution," citing *United States v. James*, 312 F. Supp. 2d 802 (E.D. Va. 2004) ("While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's obligation is satisfied.").

The Eighth Circuit recently addressed the exclusivity of a payment plan, though in a *per curiam* opinion. *United States v. Behrens*, 656 Fed. App'x 789, 790 (8th Cir. 2016) (judgment's payment plan did not limit the government's ability to institute civil collection proceedings). Several decisions in this district adopt the same rationale in allowing the United States to seek enforcement in addition to collecting monthly payments. *See United States v. Quam*, 127 F. Supp. 3d 999 (2015) (defendant's compliance with court-ordered pay plan did not restrict the United States from additional enforcement); *United States v. Hanson*, 13-cr-161 (DSD/JSM) (Order, Doc. No. 110 at 5-6) (D. Minn. Dec. 12, 2016) (summarizing authority for proposition that compliance with payment plan does not foreclose garnishment); *United States v. Claus*, No. 10-cr-165 (DSD/JJK), 2015 WL 5432108, at *1 (D. Minn. Sept. 15, 2015) (same).

The United States would advise the Court of a decision entered December 16, 2015, by the Tenth Circuit Court of Appeals, *United States of America v. Martinez,* Case Nos. 14-2203 and 14-2209 which limits the ability of the United States to execute against assets of defendants for the payment of restitution when a payment plan is set forth by oral order at the sentencing hearing and in the Notice of Criminal Judgment. However, the United

States asserts that this decision is not controlling as to the outcome of this motion since the *Martinez* case involved the garnishment of a retirement account, and there was no motion filed in the district court pursuant to 18 U.S.C. §3664(k).

Hansmeier is set to receive a substantial amount of money and justice requires an order for its immediate payment towards the restitution he owes his victims.

## **CONCLUSION**

For the above stated reasons, the United States requests that its motion to amend the payment terms of the judgment in the criminal case filed pursuant to 18 U.S.C. §3664(k) be granted and the Court should order the Defendant to pay over the settlement funds to the U.S. District Court Clerk for payment of restitution to the victims.

Dated:  June 21, 2019

Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

s/ Ana H. Voss

BY:  ANA H. VOSS
Assistant U.S. Attorney
Attorney ID No.  483656DC
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Email: Ana.Voss@usdoj.gov