UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-CR-334(1) (JNE/KMM)

UNITED STATES OF AMERICA,

        Plaintiff,          **GOVERNMENT'S RESPONSE TO DEFENDANT'S FOURTH MOTION FOR RELEASE PENDING APPEAL**

v.

(1) PAUL R. HANSMEIER,

        Defendant.

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Assistant United States Attorney David J. MacLaughlin, submits this response to Hansmeier's Fourth Motion for Release Pending. Document 170.

## Legal Standard

Title 18, United States Code, Section 3143(b) provides that a defendant who has been sentenced to a term of imprisonment must be detained pending appeal, unless the court finds:

**(A)**     by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety or any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)**     that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in –

        **(i)**     reversal,

  **(ii)** an order for a new trial,

  **(iii)** a sentence that does not include a term of imprisonment, or

  **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985), the Eighth Circuit held that this statute, passed in 1984, was animated by "the announced purpose of Congress, which was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." *Id.* at 1232. With this "announced purpose" in mind, the Eighth Circuit held that a defendant seeking release pending appeal must satisfy a demanding tripartite test.

 First, the defendant bears the burden of showing by clear and convincing evidence that he is not a risk of flight.

 Second, the defendant

> must show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show simply that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still "reasonable") or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal.

*Id.* at 1233-34.

 Third, even if a defendant raises a "substantial" question,

> the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.

*Id.* at 1234. The Eighth Circuit emphasized that this third test is satisfied only if "reversal or an order for a new trial, of all counts on which imprisonment has been imposed, is likely." *Id.* at 1231. Thus, to satisfy his burden, Hansmeier must demonstrate that he has

raised a "substantial" question that would result in the reversal of his convictions, and demonstrate by clear and convincing evidence that he is not a flight risk.

For the reasons that follow, Hansmeier's fourth motion for release should be denied.

## Analysis

**A.**   ***The Law of this Case is that Hansmeier has Failed to Raise a Substantial Question of Law Justifying Release Pending Appeal***.

Hansmeier has made a cottage industry of moving this Court, and the Eighth Circuit, for release pending his appeal.

On May 30, 2019, Hansmeier, through counsel, filed his first motion for release with this Court styled "Defendant's Motion for Post-Sentencing Release Pending Appeal." Document 132. Hansmeier argued that his then-contemplated appeal would present a "substantial" legal issue, "meaning 'a close question or one that could go either way. *United States v. Powell,* 761 F.2d 1227 (1233-34 (8th Cir 1985).'" Doc 132, p. 5. This Court denied Hansmeier's motion at the sentencing hearing, rejecting Hansmeier's argument that his appeal presented a "substantial" issue within the meaning of *Powell.* Doc. 135, p. 2. (minutes of sentencing hearing).

On July 3, 2019, Hansmeier, through counsel, filed his second motion for release, this time in the Eighth Circuit, styled "Motion for Release of Defendant Pending Decision on Appeal." Case No. 19-2386, Entry ID 4804937. In his 83-page submission, Hansmeier again argued that his appeal presented a "substantial question of law or fact" that qualified under *Powell,* warranting his release. *Id.* at p. 10. On July 23, 2019, the government filed a reply with the Eighth Circuit arguing that "Hansmeier's appeal does not raise a

substantial, or even close, question as to the sufficiency of the Indictment." On July 31, 2019, the Eighth Circuit issued the following terse order: "The motion for release pending appeal is denied." Entry ID 4814344.

On December 23, 2019, Hansmeier filed his third motion for release with the Eighth Circuit, styled "Appellant Paul R. Hansmeier's Motion for Release Pending Appeal." Hansmeier filed this motion *pro se*. Entry ID 4865322. Hansmeier devoted most of his 12-page motion to arguing that his appeal presents a *Powell*-compliant substantial issue. Hansmeier's argument included a detailed discussion of *Kim v. Kimm*, *Carrol v. United States Equities Corp.*, and *Harrington v. Aerogelic Ballooning, LLC,* the same cases he now cites to this Court in arguing that his appeal presents a substantial issue. The Eighth Circuit denied Hansmeier's third motion for release on December 30, 2019. Entry ID 4866223.

The law of this case is that Hansmeier's appeal does *not* present a *Powell*-compliant substantial issue warranting his release pending appeal. Hansmeier's continuing efforts to litigate this issue, now fully-briefed in the Eighth Circuit, waste judicial and government resources.[1] [2]

---

[1] Hansmeier notes that the government, in moving the Eighth Circuit for a continuance, stated that "this appeal presents complex and important issues." This is not a concession that Hansmeier's attack on the Indictment as failing to state an offense is "close" or "substantial" within the meaning of *Powell*. That the Eighth Circuit briefing is lengthy and complex (Hansmeier's counsel sought and obtained permission to file an over-length brief) does not mean that the sufficiency of the indictment is a close question.

[2] The government is not abandoning its contention that Hansmeier cannot prove by clear and convincing evidence that he neither poses a flight risk nor an economic danger to the community. As to flight risk, Hansmeier faces many years in prison. His offense conduct involved setting up offshore entities in Nevis. This is his fourth attempt to secure release. As to economic danger,

**B.**     *Hansmeier's COVID-19 Argument Is Facially Illogical.*

Hansmeier, a healthy 38-year old man, who says that he is thriving at Sandstone FCI,[3] which has no reported cases of COVID-19, argues that, because of the pandemic, he should be allowed to return home to care for his children, ages 5 and 7, on his promise that, if his appeal is unsuccessful, he will return to Sandstone to serve the remainder of his sentence.

This argument makes little sense on its face, and the principal case he cites in support of his motion for release, *United States v. Garlock*, 2020 WL 1439980, drives this point home. *Garlock* is an order *delaying the surrender date* of a federal defendant who had been sentenced to a year and a day: "By now it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided." *Id.*

Hansmeier, in contrast, cannot be added to the prison population because he is already part of the prison population, and has been since July 2019, before the pandemic even began. Hansmeier's request to be released, to care for his children, and then to return to BOP custody if he loses his appeal, would expose the prison community at Sandstone to

---

Hansmeier committed an egregious crime, and he continues to argue that he committed no crime at all. Further, Hansmeier was running around being an ADA compliance troll after he completed the offense conduct in this case. Hansmeier is irretrievably bent on extracting money from other people.

[3] Hansmeier states in his motion before this Court: "Hansmeier's term of imprisonment has been incident-free. Hansmeier has maintained a clean disciplinary record, he has participated in Sandstone's programming offerings, and Hansmeier is serving as a GED tutor in Sandstone's education department." It is this felicitous situation Hansmeier seeks to upset with his current motion.

5

a greater threat from COVID-19 than simply keeping the uninfected Hansmeier in custody as the pandemic runs its course.

C.  *Other Reasons to Deny Hansmeier's Motion.*

The government respectfully draws the attention of the Court to three additional reasons to deny Hansmeier's motion.

First, Hansmeier filed the instant motion *pro se*, even though he is represented by Manny Atwal and Andrew Mohring.  Hansmeier thus invites this Court to permit Hansmeier to have "hybrid representation."  But "[a] defendant does not have a constitutional right 'to simultaneously proceed pro se *and* with the benefit of counsel.'" *United States v. Fiorito*, 821 F.3d 999, 1003 (8th Cir. 2006) (quoting *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994)).  "[D]istrict courts have discretion to permit 'hybrid representation' arrangements whereby a defendant takes over some functions of counsel despite being represented." *Id.*  In this case, the government urges the Court to exercise its discretion to deny Hansmeier the privilege of hybrid representation, and to ignore pleadings not filed by counsel of record.  Otherwise, as the course of these proceedings has already shown, issues will be litigated and re-litigated, wasting the resources of the government and of the Court.

Second, Hansmeier does not really tell the Court how it has statutory authority to release Hansmeier on the basis of the COVID-19 epidemic.  Hansmeier seems to suggest that the Court can start with the authority to grant release to defendants pending appeal under 18 U.S.C. 3143(b), and then sort of add in the COVID-19 pandemic as part of its analysis.  As argued above, however, Hansmeier's Section 3143(b) argument has been

6

rejected by this Court once, and by the Eighth Circuit twice. Hansmeier's Section 3143(b) argument for release is dead under the doctrine of the law of the case.

That leaves COVID-19 as the sole reason to release Hansmeier, but what is the statutory basis for doing so? Hansmeier has not brought this motion under the First Step Act, which confers statutory, "compassionate release" authority on sentencing courts to reduce sentences "for extraordinary and compelling reasons." *See* 18 U.S.C. Section 3582(c)(1)(A)(i). Indeed, Hansmeier has identified no statutory authority at all for the Court to release a prisoner because of widespread public health concerns, and the government is not aware of any such authority.

Third, and perhaps relatedly, the Department of Justice and the Bureau of Prisons are the principal bulwarks against the spread of the novel coronavirus in the prison population, and Hansmeier's motion ignores the executive branch's regulatory machinery designed to keep prisoners safe. For example, the Bureau of Prisons has implemented a COVID-19 action plan to protect the health of its prisoners. Phase 5 of that plan began on April 1, 2020. Here is a link to the details regarding phase 5, which also contains links describing the phases that preceded it:

https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp

In fact, on March 26, 2020, Attorney General Barr issued a memorandum to the Bureau of Prisons entitled "Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic." The memorandum directs the BOP to exercise its discretion in favor of granting home confinement to at-risk inmates who are non-violent

and pose a minimal likelihood of recidivism. Thus, regulations and policies are already in place that govern the granting of the very relief that Hansmeier seeks in the instant motion.

Hansmeier's motion thus invites this Court to ignore the substantial efforts being undertaken by the executive branch to keep prisoners safe, and to place eligible prisoners in home confinement, without any showing that those efforts are inadequate. This Court should decline the invitation.

## Conclusion

For the foregoing reasons, Hansmeier's Fourth Motion for Release Pending Appeal should be denied.

Dated: April 9, 2020  Respectfully submitted,

ERICA H. MACDONALD
United States Attorney

s/ *David J. MacLaughlin*

BY: DAVID J. MACLAUGHLIN
Assistant U.S. Attorney