UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

RECEIVED BY MAIL
APR 30 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                    16-CR-334 (JNE/KMM) (i)

PAUL HANSMEIER,

Defendant.

Defendant Paul Hansmeier's Suggestion of Lack of Jurisdiction

Dated: April 24, 2020

SCANNED
APR 30 2020
U.S. DISTRICT COURT MPLS

## INTRODUCTION

Mindful of the Court's recent holding that the Court would decline to consider motions filed on a pro se basis, Hansmeier offers this suggestion that the Court's sentencing judgment is void for lack of jurisdiction. Unlike other filings, a suggestion of lack of jurisdiction is a filing that the Court has no discretion but to consider, given the Court's independent duty to evaluate its jurisdiction at all times. Indeed, as discussed below, the Eighth Circuit has specified the steps a district court <u>must</u> take when a judgment was entered in excess of jurisdiction of is otherwise legally infirm — as the sentencing judgment in this case is.

In this filing, Hansmeier respectfully suggests that the Court acted in excess of its jurisdiction by imposing a 14 year term of imprisonment when it imposed terms of imprisonment for the Class C offenses that were subject to Hansmeier's conditional plea agreement. In <u>United States v. R.L.C.</u> the Eighth Circuit interpreted the then-recently revised criminal sentencing framework

-1-

and concluded, inter alia, that a district court's sentencing power is constrained by the limitations prescribed in 18 U.S.C. § 3581(b) — which, for Class C offenses, states that district courts may not impose sentences in excess of 12 years. In so holding, the Eighth Circuit split from the Ninth Circuit's earlier decision in Marco L., which interpreted an exception into Section 3581(b) which neutered the section's impact on sentencing authority. With the exception of the Eleventh Circuit, the other circuit courts to consider the issue have followed the Ninth Circuit's decision, giving rise to an interesting circuit split. Here, of course, the Court is not being asked to consider the reasoning of the circuit courts which disagree with the Eighth Circuit; rather, this Court is being asked to abide by the Eighth Circuit's decision in R.L.C. and conclude that the judgment was entered in excess of jurisdiction. If the Court does so, then the logical result is that the sentencing judgment is void and the Court will have to resentence Hansmeier. Hansmeier respectfully

-2-

that he be released on signature bond pending sentencing.

## BACKGROUND

In June 2019, the Court sentenced Hansmeier to a term of imprisonment for two Class C offenses: mail fraud and money laundering. The Court imposed sentences of 14 years[1] for each offense, to be run concurrently. Hansmeier's appeal regarding the legal sufficiency of the indictment is pending before the Eighth Circuit where, for the reasons stated in Hansmeier's appellate reply brief, it appears that the government has abandoned its defenses of Counts 8-13 of the indictment.

Hansmeier remained free on signature bond from the time of his initial appearance to his self report to Sandstone FCI in July 2019. During that over two-and-a-half year period, Hansmeier lived incident free. Hansmeier attended all court dates, maintained regular contact with his attorneys and complied with all of the Court's orders.

---

[1] The government's sentencing memorandum indicated the government's position that it could ask for a maximum of 12 years.

# ARGUMENT

A district court exceeds its jurisdiction and renders a void judgment when it imposes a sentence in excess of its sentencing authority. A district court that renders such a sentence has no discretion but to conduct a resentencing. The Court exceeded its authority when it imposed 14 year terms of imprisonment for Class C offenses. The Court has no discretion but to resentence Hansmeier. Hansmeier should be released pending resentencing.

## I. A district court exceeds its jurisdiction and renders a void judgment when it imposes a sentence in excess of its sentencing authority.

A district court exceeds its jurisdiction and renders a void judgment when it imposes a sentence in excess of its sentencing authority. It hardly needs to be said that a district court's sentencing authority is not boundless. The easiest example is the maximum sentences prescribed in the statutes defining the offenses defined in the criminal code. The statute defining the offense of mail fraud, for example, prescribes a maximum term of imprisonment of 20 years. 18 U.S.C. § 1349. The limitation at issue in this

-4-

suggestion is the limitation on sentencing authority prescribed by 18 U.S.C. § 3581(b) which restricts a court's sentencing authority/discretion based on the letter grade that is assigned to the offense. For Class C offenses, Section 3581(b) limits a court's sentencing authority by prescribing a term of imprisonment of "not more than 12 years." 18 U.S.C. § 3581(b)(3).

But what happens when a district court disregards statutory limits on its sentencing power? According to the Eighth Circuit, the district court is said to have acted in "excess of its jurisdiction." United States v. Ravay, 994 F.2d 1332, 1337 (8th Cir. 1993). Thus, not suprisingly, a district court which renders a sentencing judgment in excess of its sentencing power is no different for the purposes of this suggestion than a district court which renders a judgment in excess of its power over the person or power over the subject matter of a dispute; the judgment, rendered in excess of jurisdiction, is void. Baldwin v. Credit Based Asset Servicing & Securitization, 516 F.3d

-5-

affirmative obligations of a district court which realizes it exceeded its sentencing authority.

III. The Court has an affirmative duty to vacate its sentencing judgment and resentence Hansmeier in accordance with the criminal code.

The Court has an affirmative duty to vacate its sentencing judgment and resentence Hansmeier in accordance with the limitations on its authority established by the provisions of Title 18 of the United States Code including, but not limited to, Section 3581(b). In Gardner v. United States, the Eighth Circuit specified when it realizes it erred in sentencing; a court must take certain steps:

> [W]hen a federal court finds that a judgment was rendered without jurisdiction or is legally infirm, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate.

114 F.3d 734, 736 (8th Cir. 1997). If the Court agrees with the Eighth Circuit's analysis in United States v. R.L.C., then it follows that the Court has an affirm

duty to take corrective measures with respect to the sentencing judgment.

IV. The Court exceeded its sentencing authority by imposing 14 year terms of imprisonment with respect to Class C offenses.

The Court exceeded its sentencing authority by imposing 14 year terms of imprisonment with respect to Class C offenses. The statutory maximum sentence prescribed in 18 U.S.C. § 3581(b) for Class C offenses — i.e., 12 years — represents the greatest term of imprisonment this Court was authorized to impose for a Class C offense committed under the most egregious of circumstances.

A. Background on sentencing procedures.

A brief background on sentencing procedures sets the stage for this discussion. Sentencing procedures are governed by 18 U.S.C. § 3551. A district court imposing a term of imprisonment against an individual, such as Hansmeier, must follow the steps laid out in Section 3551(b)(3). Section 3551(b)(3) provides that a court must: (1) consider the Section 3553 factors; and (2) impose a term of imprisonment authorized

by Subchapter D (where the only section of Subchapter D that is relevant to this suggestion is Section 3581). Once again, two simple steps: consider the Section 3553 factors and ensure that the term of imprisonment is authorized by Section 3581.

Section 3581 lists authorized terms of imprisonment for federal offenses by letter grade classes (Class A, Class B, Class C, etc.). Section 3581 provides that the maximum term of imprisonment for a Class C offense, such as mail fraud, is a term of "not more than 12 years." Thus, in sentencing an individual to a term of imprisonment for committing mail fraud, a district court is required to consider the Section 3553 factors and is authorized to impose a term of imprisonment of "not more than 12 years." 18 U.S.C. §§ 3551, 3553 and 3581.

Without more, then, the Court's imposition of 14 year terms of imprisonment for the Class C offenses that were subject to Hansmeier's conditional plea agreement was plainly in excess of its sentencing authority — which, per Section 3581, was limited to

a term of "not more than 12 years." The "more" is the circuit split concerning how to determine the maximum sentence for an adult offender who was convicted after the effective date of the Sentencing Reform Act of 1984, which became effective in 1987.

    B. The circuit split on how to determine the maximum sentence for an adult offender who was convicted after the effective date of the Sentencing Reform Act of 1984.

    In 1984, a variety of sweeping reforms to the criminal justice system were enacted into law. These reforms included the abolishment of the federal parole system, the introduction of the sentencing guidelines and the passage of Section 3581, which established limits on authorized sentences by class of offense. The Eighth Circuit's decision in R.L.C. describes the policy goals of the reform efforts in greater detail, but in broad brush strokes the goal of sentencing reform in particular was to reduce sentencing disparities among people who engaged in similar degrees of misconduct, but differed from one another by race, socioeconomic status, political affiliation

or other factors the public would not want guiding sentencing decisions. Moreover, Congress sought to reduce maximum sentence disparities among offenses of similar seriousness. Congress thus grouped offenses into classes based on the criteria set forth in 18 U.S.C. § 3559, which defines the letter grade classes used in Section 3581.

    Litigation erupted almost immediately after the sentencing reforms went into effect in 1987. One of the earliest cases to test the newly-enacted adult sentencing reforms was a juvenile sentencing case. Juvenile sentencing cases were a natural vehicle for testing issues related to adult sentencing because, pursuant to 18 U.S.C. § 5037(d), the maximum term of commitment for a juvenile is the maximum term of imprisonment that would have been authorized if the juvenile had been tried and convicted as an adult. To determine the maximum sentence for a juvenile a court had to the maximum authorized term of imprisonment for an adult for the same offense.

    An early circuit court decision regarding this issue was the Ninth Circuit's decision in United States v. Marco L., 868 F.2d 1121 (9th Cir 1988), cert. denied, 493 U.S.

-11-

V. Hansmeier suggests he be released pending resentencing.

If the Court adheres to the Eighth Circuit's decision in R.L.C., then Hansmeier will have to be resentenced after the Eighth Circuit's resolution of Hansmeier's appeal — unless, of course, the Eighth Circuit reverses, in which case this matter will be back at its beginning. Hansmeier suggests that he be allowed to remain free pending sentencing based on the same terms and conditions he remained free pending sentencing.

April 24, 2020

Respectfully Submitted

Paul Hansmeier
20953-041 Unit K3
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072