UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-CR-334(1) (JNE/KMM)

UNITED STATES OF AMERICA,

       Plaintiff,

v.

(1)  PAUL R. HANSMEIER,

       Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE TERM OF IMPRISONMENT**

The United States of America, by and through its undersigned attorneys, respectfully responds to Mr. Hansmeier's Motion To Reduce Term of Imprisonment (ECF No. 192).

## Introduction

Mr. Hansmeier asks this Court to reduce his sentence by 14 months because the "modified operations" regime the Bureau of Prisons has implemented at Sandstone FCI to combat the spread of COVID-19 has made the service of his sentence more onerous than anticipated. Mr. Hansmeier avers that Sandstone's modified operations have negatively impacted his access to fresh air, rehabilitative programming, religious services, and visitors. Mr. Hansmeier argues that these "factors, whether considered together or

separately, strongly support a finding of extraordinary and compelling reasons" to reduce his sentence by 14 months. ECF No. 192, p. 4.[1]

The government disagrees, and opposes Mr. Hansmeier's motion for the reasons set forth below.

## **Argument**

Mr. Hansmeier appears to have exhausted his administrative remedies, and the government believes the Court should consider the merits of Mr. Hansmeier's motion.

1. <u>Mr. Hansmeier Has Failed to Identify Extraordinary or Compelling Reasons to Reduce his Sentence</u>.

Mr. Hansmeier's argument fails on the merits for failure to articulate any reason why the prison conditions resulting from modified operations at FCI Sandstone impact Mr. Hansmeier differently from any other healthy inmate housed there. The impacts of modified operations, which Mr. Hansmeier avers are unpleasant, affect all of the inmates at Sandstone. Mr. Hansmeier's argument, if accepted, would result in sentencing reductions for every BOP inmate adversely affected by modified operations.

Mr. Hansmeier's reliance on *United States v. Hatcher*, 18-CR-454 (S.D.N.Y., April 19, 2021), confirms this point. In that case, Judge Failla noted that "harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently 'extraordinary and compelling' to warrant compassionate release." But in the context of

---

[1] Mr. Hansmeier does not call his motion a motion for "compassionate release" and does not argue that he is in danger of severe illness from COVID-19. In fact, as Mr. Hansmeier reports in his motion, Mr. Hansmeier had COVID-19 and recovered from it. BOP medical records indicate that the now 40-year-old Mr. Hansmeier has been fully vaccinated against COVID-19 (Moderna vaccines administered on May 13 and June 9, 2021).

"the unique circumstances of this case," notably defendant Hatcher's "serious mental and physical health issues," and the fact that she had served more than half of her sentence, the Court reduced Hatcher's sentence to time served. Judge Failla granted the motion because "the deprivation of mental health and other support services must have taken a severe toll on Ms. Hatcher's mental and physical health."

None of the special circumstances undergirding Judge Failla's decision in *Hatcher* are present here. Mr. Hansmeier is a healthy and relatively young man who has served nowhere near half of his sentence. The toll exacted from Mr. Hansmeier by Sandstone's modified operations regime was not different or more severe than the toll exacted from every healthy inmate at Sandstone. Mr. Hansmeier has thus failed to identify any "extraordinary and compelling" reason to reduce his sentence.

2. The Section 3553(a) Factors Strongly Counsel Against Reducing Hansmeier's Sentence.

At Mr. Hansmeier's sentencing hearing, this Court noted that Mr. Hansmeier used his law license to inflict "incalculable harm" on the integrity of the Court system. ECF No. 147, p. 60. This Court also noted that there were "many factors that could in my view justify an upward departure" (*Id.* at 62), but ultimately sentenced Mr. Hansmeier at the top of the guidelines box, stating: "I think that in terms of overall reasonableness, anything less than 168 months would not be reasonable, whatever the guidelines might be."

Mr. Hansmeier's conduct in prison has tilted the Section 3553(a) and reasonableness analysis even more strongly against him. Specifically, Mr. Hansmeier has continued, while incarcerated, to sue individuals for copyright infringement for downloading pornographic

3

content that Mr. Hansmeier seeds on websites to attract downloaders. The government has attached an example of such a lawsuit commenced by Mr. Hansmeier in Hennepin County District Court via hip-pocket service in September 2020 against a John Doe defendant as Attachment 1 to this memorandum.

More recently, Mr. Hansmeier has somehow actually identified and initiated suit against individuals who downloaded Mr. Hansmeier's bait pornography, thereby causing new victims stress and aggravation. Mr. Hansmeier has commenced approximately 20 lawsuits against various identified persons and John Does since September 2020.

In each case, Hansmeier has also included the undersigned attorney, former Assistant U.S. Attorney Benjamin Langner, former U.S. Attorney Erica MacDonald and/or Acting U.S. Attorney W. Anders Folk as defendants. All of these cases purport to seek prospective declaratory and injunctive relief on the theory that the federal mail fraud and wire fraud statutes are unconstitutional as applied to his porn-trolling scheme. The Civil Division of the United States Attorney's Office has spent innumerable hours removing these cases to federal court, and they are consolidated before Chief Judge Tunheim for adjudication.

## **Conclusion**

For the foregoing reasons, Mr. Hansmeier's motion for sentence reduction should be denied.

Dated: July 20, 2021                                     Respectfully submitted,

                                                                  W. ANDERS FOLK
Acting United States Attorney

s/ *David J. MacLaughlin*

BY: DAVID J. MACLAUGHLIN
Assistant U.S. Attorney