TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-K-C
--------------------------------------------------------------------

FROM: 20953041
TO:
SUBJECT: 3582 Motion - 01 - Intro/Constitutional Violations
DATE: 12/29/2021 07:38:49 AM

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

---

United States of America,
    Plaintiff,

v.

Paul Hansmeier,
    Defendant.

MOTION TO REDUCE TERM OF SENTENCE
AND MEMORANDUM IN SUPPORT

16-CR-334

---

## MOTION TO REDUCE SENTENCE

    Movant Paul Hansmeier respectfully moves the Court pursuant to 18 U.S.C. 3582(c)(1)(A)(i) to reduce his sentence to time served (or by such other amount that the Court deems just and equitable) based on the extraordinary and compelling reasons discussed in the attached memorandum, which arise from: (1) the COVID-19 pandemic; (2) post-sentencing constitutional violations Hansmeier has endured; and (3) the other factors discussed herein. This motion is based on the attached memorandum of law, the exhibits thereto and the entire record of these proceedings.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE

I. Introduction.

    In this motion, Movant Paul Hansmeier asks the Court to reduce his sentence to time served (or by such other amount that the Court deems just and equitable) based on the unique set of extraordinary and compelling reasons arising from the COVID-19 pandemic and constitutional violations Hansmeier has endured.

    The COVID-19 pandemic has wreaked havoc in the Federal Bureau of Prisons since late-2019/early-2020. Hansmeier has been infected with COVID-19 at least twice during the pandemic and experienced severe symptoms during one of those infections. There is no end in sight to the presence of COVID-19 in the Bureau of Prisons and Hansmeier faces the prospect of another round of severe symptoms based on infection from an existing or emerging COVID-19 variant. If granted release, Hansmeier would live at his house in Woodbury, Minnesota and would be able to manage his risk of COVID-19 infection; there is no opportunity to do so in the prison environment.

    Making matters worse, the COVID-19 pandemic has forced the Bureau of Prisons to adopt modified operations, during which the conditions of confinement have been materially harsher than the prison conditions that prevailed at the time of Hansmeier's sentencing. Since April 1, 2020, and in sharp contrast to his experience during ordinary operations, Hansmeier has been confined in his housing unit, leaving Hansmeier with minimal access to fresh air, sunlight, exercise, programming, and other qualities of daily living. If granted release, Hansmeier would be able to participate in activities which would contribute to his physical and mental health.

    Beyond the conditions associated with the COVID-19 pandemic, Hansmeier has endured a series of violations of his rights under the First and Fifth Amendments to the United States Constitution, including violations made in Hansmeier's appeal, in which the government made material misstatements and omissions to the Eighth Circuit in order to influence the Eighth Circuit's decision in the government's favor. Violations are also being made with respect to Hansmeier's confinement, where government officials committed Hansmeier to administrative detention for a period of five months in retaliation for Hansmeier's assertion of "as applied" constitutional challenges to federal fraud and extortion statutes. Unlawful retaliation continues to this day. If released, Hansmeier would be able to access the courts without experiencing unlawful retaliation from government officials and other constitutional violations.

    Other factors support Hansmeier's release. First, Hansmeier has not seen his two young children in two years due to the Bureau of Prisons' response to the COVID-19 pandemic. Hansmeier's ability to visit with his family has been sharply curtailed as well. Maintaining community ties is an important aspect of successful incarceration and Hansmeier's ability to maintain these