UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-334 (1) JNE/KMM

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | GOVERNMENT'S MOTION FOR AMENDED ORDER OF RESTITUTION |
| v. | |
| PAUL R. HANSMEIER, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and David J. MacLaughlin, Assistant United States Attorney, respectfully moves the Court for an Order amending the judgment entered against Defendant Paul R. Hansmeier ("Hansmeier").

The judgment for Defendant John L. Steele ("Steele") correctly indicates joint and several liability between Steele and Hansmeier. (*See* ECF No. 162, at 7). However, Hansmeier's judgment is missing the same language. (*See* ECF No. 136, at 7). The conduct for which Hansmeier was ordered to pay restitution formed the same loss caused by the conduct for which Steele was ordered to pay restitution. Hansmeier's and Steele's restitution orders as they are currently written have the effect of doubling the amount owed to their victims. *See United States v. Trigg*, 119 F.3d 493, 501 (7th Cir. 1997) (modifying restitution judgment to expressly state that the victim's recovery is limited to the amount of its loss, as any other reading is "not . . . plausible"); *see also United States v. Wall*, 349 F.3d 18, 26 (1st Cir. 2003) ("[T]he only plausible view of the record is that the district

court intended to impose joint and several liability on Wall for the full amount of restitution."). Thus, amounts received from Hansmeier should be applied to the overall obligation imposed on Steele.

An order of restitution is mandatory under 18 U.S.C. § 3663A. *United States v. Spencer*, 700 F.3d 317, 322 (8th Cir. 2012) ("The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663 *et seq.*, requires defendants convicted of a crime 'committed by fraud or deceit' to make restitution to the victim of the offense in the full amount of each victims' loss."). Although more than 90 days have passed since the date of sentencing for this Defendant, this Court retains authority to amend the judgment to order restitution. *Dolan v. United States*, 130 S. Ct. 2533, 2539 (2010) (holding that sentencing court retains authority to order restitution under 18 U.S.C. § 3663A after the 90-day period referenced in the statute); *see also United States v. Balentine*, 569 F.3d 801, 806-07 (8th Cir. 2009) (same); *United States v. Randle*, No. 14-cr-134 (JRT/TNL) (Order, ECF No. 545) (D. Minn. Feb. 25, 2021) (same).

This motion, if granted, will have the net effect of reducing Mr. Hansmeier's restitution balance because the amounts collected from Steele will be appropriately credited to Hansmeier. As such, there is no need for a hearing to correct this change to Mr. Hansmeier's restitution order. *See United States v. Simon*, 952 F.3d 848, 850 (7th Cir. 2020) (holding defendant's motion arguing a due process right to be heard on government's motion to amend a restitution order was properly denied after the Court concluded that the amended order did not impose a new restitution obligation because it had the ultimate effect of reducing the restitution amount by eliminating a payee); *United States v. McCafferty*,

No. 3:06-CR-305-J-33MCR, 2009 WL 856668, at *1 (M.D. Fla. Mar. 30, 2009) (granting joint motion to amend restitution to decrease the amount owed by $50,000 by removing a victim to avoid substantial windfall to the victim).

    Accordingly, the United States respectfully requests that the Court amend Defendant Paul R. Hansmeier's judgment and issue an order holding defendants Hansmeier and Steele jointly and severally liable for the restitution owed to the victims in the amount of $1,541,527.37.

| | |
|---|---|
| Dated: May 17, 2022 | Respectfully Submitted, |
| | ANDREW M. LUGER<br>United States Attorney |
| | s/ *David J. MacLaughlin* |
| | BY:  DAVID J. MacLAUGHLIN<br>Assistant U.S. Attorney<br>Attorney I.D. No. 211849 |