RECEIVED BY MAIL
NOV 03 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,
  Plaintiff,

v.                                           No. 16-cr-334(1)

Paul Hansmeier,
  Defendant.

### SUPPLEMENT TO MOTION FOR COMPASSIONATE RELEASE

Plaintiff Paul Hansmeier respectfully submits this supplement to his pending motion for compassionate release. The exhibit to this supplement is an article from a prominent legal news publication which decries what it labels as Hansmeier's "torture" at the hands of Bureau of Prison officials. The article's author is quite clear in his distaste for Hansmeier, but makes a compelling case that bigger principles require some sort of action to address Hansmeier's dire circumstances.

The Court has the power and responsibility to take that action by granting Hansmeier's motion for compassionate release and/or by converting Hansmeier's remaining term of imprisonment to home confinement (with the latter option being accomplished by reducing Hansmeier's term of imprisonment in full and adding back a term supervised release with the special condition of home confinement). The circumstances described in the article meet the legal standard for motions for compassionate release.

EXTRAORDINARY AND COMPELLING REASONS. The torture (with the term "torture" being appropriate, as the attached article notes, under the technical definition offered by the United Nations) of attorneys or anyone else by prison officials for exercising First Amendment rights is an extraordinary and compelling reason, as it is a rare and significant affront to the inalienable rights enjoyed by our Nation's citizens---rights which distinguish us from everyone else in the world, fuel our Nation's beacon of freedom and secure our Nation's position as the global leader.

3553(A) FACTORS. The torture of any adult in custody for exercising core Constitutional rights goes directly to the 3553(a) factors. Hansmeier does not understand the Court's negative comments about Hansmeier at sentencing as an endorsement for the government to torture him. Due to his torture, Hansmeier's term of imprisonment has been orders of magnitude harsher than what the Court could have anticipated at sentencing. Moreover, via home confinement, the Court can make Hansmeier serve out whatever remaining portion of his term of imprisonment it feels is necessary to honor the 3553(a) factors.

PUBLIC SAFETY. Public safety continue to be a non-issue because, as the article notes, Hansmeier is nothing more than a "pencil pusher" who, while he may have brought litigation that was not to the Court's liking and the liking of the pirates, is still just a "pencil pusher." Hansmeier was released pretrial on signature bond for over two years and didn't get as much as a parking ticket because he's just a "pencil pusher" who follows the rules.

Hansmeier respectfully requests that the Court consider the attached article as its weighs Hansmeier's pending motion for compassionate release.

Respectfully submitted,                              Dated: October 30, 2022

*/s/ Paul Hansmeier*

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

SCANNED
NOV 03 2022
U.S. DISTRICT COURT MPLS