UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOA
Case No. 16-cr-334(1) (JNE)

———————————————

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PAUL R. HANSMEIER,

        Defendant.

**GOVERNMENT'S RESPONSE TO HANSMEIER'S MOTION TO AMEND § 2255 MOTION**

———————————————

Defendant Hansmeier filed a § 2255 motion raising twelve claims. *See, e.g.,* ECF Nos. 209 & 210. He seeks to add additional claims, which he labels Claims 13-18. ECF No. 248-1. Like Claims 1 through 12, Claims 13 through 18 should be denied.

**I.  Amendment of Motion**

Hansmeier filed a motion to amend his § 2255 motion and attached his proposed amended motion. ECF No. 248 & 248-1. Rule 12 of the Rules Governing § 2255 Cases authorizes district courts to apply to habeas proceedings the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure "to the extent that they are not inconsistent with any statutory provisions or these rules." Hansmeier invokes Federal Rule of Civil Procedure 15, which courts regularly apply to § 2255 proceedings. *See, e.g.*,

*Mandacina v. United States*, 328 F.3d 995, 999 (8th Cir. 2003) (applying Rule 15 to § 2255 motion). Specifically, Hansmeier relies on Rule 15(a)(2), which provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Hansmeier's motion to amend, attaching his proposed amended § 2255 motion, was filed on September 29, 2022. His deadline for filing a § 2255 motion expired after that, on October 4, 2022—the one-year anniversary of the denial of his petition for certiorari. *See* 28 U.S.C. § 2255(f)(1); ECF No. 202. Thus, relation-back is not at issue with respect to his motion to amend. If this Court allows Hansmeier to amend his motion, the claims will be timely without need to relate the claims back to his initial motion.

The question, instead, is simply whether "justice so requires" this Court to exercise its discretion to allow Hansmeier to amend his motion nine months after it was filed when he has offered no concrete reason for failing to include Claims 13–15 in his original pleading. To support his request, he avers that his claims are valid, brought in good faith, and lack any nefarious underpinning. ECF No. 248, at 1-2. Those so-called reasons do not support authorizing him to amend his motion. They are vague, self-serving, and lack any detail or explanation for the delay.

The government recognizes that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and quotation omitted). Hansmeier stands on different footing than most prisoners—he is a lawyer and has demonstrated his familiarity with the Federal Rules, citing to both the Rules Governing 2255 Proceedings and Federal Rule of Civil Procedure 15 in his motion to amend. Given that he has not offered any reasons to support his motion to amend, this Court should deny the request.

## II.   The Proposed Appended Claims

If this Court disagrees and authorizes the filing of an amended § 2255 motion, the appended claims lack merit and should be denied.

### A. Claim 13

In Claim 13, Hansmeier argues that "the Challenged Statutes"[1] violate the First Amendment as construed by the Supreme Court in *New York State*

---

[1] Insofar as counsel for the government can tell, Hansmeier does not define the phrase "Challenged Statutes," and his use of the phrase seems directed at the mail and wire fraud statutes for which he was convicted in Count 1. If this Court agrees, it is noteworthy that the defendant has not attacked his money-laundering conviction on Count 17. This Court imposed 168-month concurrent sentences on both counts of conviction. ECF No. 136. That fact does not moot the defendant's attack on Count 1 but does limit the relief he would be entitled to if he were able to prevail on his Count 1 attacks.

*Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022).[2] He claims that, under *Bruen*, the government bears the burden to establish that the fraud statutes' restriction on his First Amendment rights is supported by "the Nation's historical tradition of regulating litigation conduct." ECF No. 248-1, at 36.

What is clear at the outset is that Hansmeier continues to mischaracterize the nature of his fraud convictions as being based on his legitimate civil litigation tactics. Not so.

The mail and wire fraud statutes prohibit the use of interstate mail or wire facilities to effect "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. §§ 1341, 1343. Hansmeier was convicted of executing a scheme to defraud. He used litigation as part of his scheme, but he was not convicted of filing lawsuits. Nor can it be said the mail and wire fraud statutes

---

[2] In *Bruen*, the Court held that the Second Amendment, as incorporated against the States through the Fourteenth Amendment, "protect[s] an individual's right to carry a handgun for self-defense outside the home." 142 S. Ct. at 2122. The Court held unconstitutional a New York state law that required residents to demonstrate "proper cause" to obtain a license to carry a handgun outside the home, which New York courts had construed to require "a special need for self-protection distinguishable from that of the general community." *Id.* at 2123. The Court explained that "New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id.* at 2156.

restrict Hansmeier's access to courts in any way. As a result, *Bruen* has no application whatsoever to this context.

Even so, like the bulk of his claims, Claim 13 is simply a repackaging of the arguments Hansmeier presented on appeal. As the government explained in its initial response to Hansmeier's § 2255 motion, on appeal, Hansmeier argued that the charges against him criminalized his right to bring lawsuits. *See, e.g.*, Def.'s Br. 57. But his arguments fell flat because his scheme involved much more than bringing lawsuits—it involved concocting "fake evidence" such as: copyrights in the name of sham entities; concealing his ownership of so-called "clients"; affidavits deceptively detailing "detection" of infringing activities, to name but a few, and it involved making material lies and omissions to victims to pressure them under false pretenses to pay a so-called "settlement" fee. Moreover, as this Court previously found, courts have not immunized litigation from fraud charges. ECF No. 75, at 5. *Bruen* does nothing to change that.

In any event, the relitigation bar applies to this claim. Previously raised issues are not open to relitigation in § 2255 proceedings. *See Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Scalia, J., concurring) ("Accordingly, at least as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal.") (citing cases); *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) ("Issues

raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.") (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)).

The Eighth Circuit rejected the defendant's attempt to immunize his fraud scheme by seeking shelter under his right to bring suit and affirmed his convictions and this Court's denial of his motion to dismiss the indictment. *See Hansmeier*, 988 F.3d at 438. Hansmeier cannot circumvent the relitigation bar simply by repackaging tired claims and citing an inapplicable Supreme Court case. Claim 13 should be denied.

**B. Claim 14**

Claim 14 is also barred by the relitigation doctrine and should be denied. Ignoring his "hacking scheme," Hansmeier argues that his seeding scheme was entirely a "fraud by omission" scheme. ECF No. 248-1, at 37. He insists he did not have a duty to disclose any information to the victims or courts and, so, there was no crime. *Id.* Again, he mischaracterizes his scheme and focuses on a single component rather than the scheme as a whole. Paragraph 2 of Hansmeier's plea agreement lays out the factual basis for his guilty plea, and it includes much more than failing to disclose information. Moreover, because the mail and wire fraud statutes proscribe "schemes" to defraud, not discrete acts, those schemes must be viewed as a whole. *See United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) ("In determining whether an indictment

is sufficient, we read it as a whole and give it a common sense construction.") (internal quotation and citation omitted).

As the government laid out in its answering brief on appeal, Hansmeier's schemed involved dozen of acts of deception and omission, not simply failing to disclose information. Those acts and omissions included that Hansmeier and his co-defendant:

1. owned and controlled their clients, which they concealed through the use of various sham entities and other lawyers (ECF No. 1, at ¶¶ 1, 9-14, 17, 25-26, 28-31, 33);

2. used the names of their associates as representatives of their "clients" to further conceal their interest in the underlying pornographic movies (¶¶ 9-14, 25-26);

3. filmed and obtained copyrights to pornographic "works" for the sole purpose of generating settlement fees, but assigned the copyrights to "clients" to conceal their ownership (¶¶ 27-28);

4. uploaded their own copyrighted movies to BitTorrent websites knowing that BitTorrent websites exist to facilitate copyright theft (¶¶ 1, 20, 24, 27-28);

5. filed lawsuits alleging that individuals associated with certain IP addresses downloaded their clients' works without authorization or consent, concealing from the court and from the people who they

sued their own involvement in the purported copyright infringement as well as the fact that they had no intent to pursue the litigation beyond obtaining early discovery (¶¶ 1, 17, 19, 21-24);

6. sent communications and placed telephone calls to victims wherein they deceived the victims into believing that their copyright infringement claims were legitimate and leveraged the copyright statutory damages in order to extract quick settlements from the victims and avoid litigation that might unearth their scheme (¶¶ 1, 17, 19, 21-24);

7. invented from whole cloth knowingly false allegations of a hacking scheme that targets their "clients" when courts refused to grant them mass discovery (¶¶ 29-31);

8. recruited individuals to falsely pose as civil defendants in these "hacking" lawsuits so that they could conduct broad early discovery without opposition (¶¶ 29-31); and

9. systematically perjured themselves and caused their associates to perjure themselves in order to carry out and cover up their scheme (¶¶ 32-33).

Thus, Hansmeier misconstrues the nature of the scheme by characterizing it as one of omission, even if he were not barred from relitigating

8

this attack on his conviction where the Eighth Circuit found "the conduct recounted in the indictment constitutes a 'scheme . . . for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.' 18 U.S.C. §§ 1341, 1343. Taking its allegations as true, the indictment lays out a sufficient basis for the government's charge that Hansmeier committed fraud . . . ." *Hansmeier*, 988 F.3d at 438. Claim 14 should be denied.

### C. Claim 15

Claim 15 is meritless. Hansmeier claims that the statutory maximum sentence for his crimes[3] is not found within the statute of conviction but rather in 18 U.S.C. § 3581, which lays out a 12-year penalty for Class C offenses. He misapprehends the law.

Hansmeier argues that, since he was convicted of a Class C felony, the maximum term of imprisonment is 12 years, because § 3581(b) caps the maximum sentence for Class C felonies at 12 years. Every court to have considered this argument has rejected it. *See, e.g.*, *United States v. Simpson*, 796 F.3d 548, 552-23 (5th Cir. 2015) (rejecting the argument that § 3581(b) imposes a 12-year maximum term of imprisonment for conspiracy to commit

---

[3] Hansmeier, of course, ignores that the sentence for each count of conviction could be stacked, so even if he were correct that § 3581 sets a 12-year maximum sentence, that would mean he faced a 36-year sentence for his three counts of conviction.

9

mail and wire fraud); *United States v. Avery*, 15 F.3d 816, 818-19 (9th Cir. 1993) (rejecting argument that the maximum term for a Class C felony is 12 years when the offense statute sets a greater maximum term); *United States v. Wilson*, 10 F.3d 734, 736 (10th Cir. 1993) (noting that the tension between § 3559, § 3581, and attempted robbery statute with a 20-year maximum "is taken care of by § 3559(b)").

Like defendants before him to raise this argument, Hansmeier ignores § 3559(b), which provides that an offense assigned a letter grade in § 3559(a) "carries all the incidents assigned to the applicable letter designation, except that the maximum term of imprisonment *is the term authorized by the law describing the offense.*" § 3559(b) (emphasis added). Section 3581 does not apply "when 'otherwise specifically provided.'" § 3551; *Simpson*, 796 F.3d at 553.

In this case, § 1349 and § 1956 (Counts 1 and 17) are the "law[s] describing the offense," and those laws "specifically provide[]" a maximum sentence of 20 years. *See also* Plea Agr't–ECF No. 103, at ¶ 4. Those statutory penalties are controlling. Claim 15 should be denied.[4]

**D. Claim 16**

In Claim 16, Hansmeier classifies the Department of Justice as an administrative agency and argues it has misconstrued the mail and wire fraud

---

[4] This claim, too, is procedurally defaulted.

statutes in the same way that the EPA was found to have exceeded its statutory authority in *West Virginia v. EPA*, 142 S. Ct. 2587 (2022).

First, Hansmeier failed to exhaust this claim by raising it sooner. He has not attempted to overcome that procedural default. This Court should dismiss the claim on that ground alone.

Second, *West Virginia v. EPA* simply has no application to this context. As a department of the Executive Branch, the Department of Justice enforces laws; it is not an agency that Congress has delegated authority to make rules or to interpret laws. The Eighth Circuit here confirmed that the alleged scheme fits neatly in the mail and wire fraud statutes. The claim should be denied.

### E. Claim 17

Hansmeier argues that this Court did not adjudicate all his claims in his motion to dismiss. ECF No. 248-1, at 40. Therefore, he insists there is no final judgment in this case. This claim fails for several reasons.

First, it is not cognizable in a § 2255 motion. Section 2255 limits the type of relief that may be requested to the "right to be released" from custody. In Claim 17, Hansmeier does not seek to be released or to be resentenced. Instead, he asks this Court to vacate his judgment and "reach the issues that it failed to reach in the original criminal proceedings." ECF No. 248-1, at 40. Section 2255 does not support this type of claim, so it should be denied.

Second, Hansmeier failed to raise this claim earlier. To preserve a claim, a prisoner must raise the issue at trial *and* on direct appeal. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986). Hansmeier did neither. Nor does he attempt to excuse his fault. Claim 17 fails on procedural default grounds, too.

Third, it fails on the merits. As this Court well knows, it ruled on his motion and considered each of his arguments. Whether there was a specific rejoinder to each specious claim does not alter that analysis. Claim 17 fails.

**F. Claim 18**

At the last, Hansmeier argues that the government engaged in outrageous government conduct by using the mails to enforce his restitution obligations and by making misrepresentations about the law. ECF No. 248-1, at 41. This claim, too, is procedurally defaulted and should be denied on that ground.

On the merits, the claim plainly fails, too. "[T]he level of outrageousness needed to prove a due process violation is quite high, and the government's conduct must shock the conscience of the court." *United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003) (citation and internal quotation marks omitted); *United States v. Bugh*, 701 F.3d 888, 894 (8th Cir. 2012) ("Outrageous Government conduct requires dismissal of a charge 'only if it falls within the narrow band of the most intolerable government conduct.'") (quoting *United*

*States v. Morse*, 613 F.3d 787, 792–93 (8th Cir. 2010)). Hansmeier's allegations, even if they were true, would fail to meet that high bar.

In any event, there was no government misconduct, and Hansmeier's baseless allegations merit little by way of response. The government did not conceal anything from the courts. In the Eighth Circuit, it vigorously defended the defendant's convictions and this Court order denying his motion to dismiss in a zealous and ethical way. If Hansmeier believed certain cases were relevant, then he should have relied on them.[5] After all, "[i]n our adversarial system of adjudication, we follow the principle of party presentation." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). This Court and the Eighth Circuit both agreed that the indictment properly alleged a scheme to defraud after thorough briefing by the parties. In doing so, both this Court and the Eighth Circuit issued well-reasoned opinions rejecting the defendant's arguments. The courts were not misled, and there is no basis to find government misconduct. Claim 18 is a nonstarter.

---

[5] The government did not breach its duty of candor by concealing anything from the courts. Notably, though, Hansmeier alleges the government concealed an Eighth Circuit case from the Eighth Circuit, which is nonsensical on its face.

13

## III. Conclusion

This Court should deny Hansmeier's motion to amend his § 2255 motion because he has not supported it with any showing of good cause. Should this Court permit the amendment, it should deny each of the appended claims as meritless.

Dated November 10, 2022                    Respectfully submitted,

                                           ANDREW M. LUGER
                                           United States Attorney

                                           *s/ Lisa D. Kirkpatrick*

                                           BY: LISA D. KIRKPATRICK
                                           Assistant U.S. Attorney
                                           Attorney ID No. 17399 Iowa
                                           Email: lisa.kirkpatrick@usdoj.gov