UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                                                                             Case No. 16-cr-334 (JNE) (1)
                                                                                                            ORDER

Paul R. Hansmeier,

    Defendant.

Defendant pleaded guilty to one count of conspiracy to commit mail fraud and wire fraud and one count of conspiracy to commit money laundering. The Court sentenced him to 168 months' imprisonment. Defendant appealed. The United States Court of Appeals for the Eighth Circuit affirmed. *United States v. Hansmeier*, 988 F.3d 428 (8th Cir.), *cert. denied*, 142 S. Ct. 262 (2021). The case is before the Court on Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the Court denies the motion.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Exceptions to the general rule that a court "may not modify a term of imprisonment once it has been imposed" appear in 18 U.S.C. § 3582(c), which states:

> [T]he court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the defendant
> has fully exhausted all administrative rights to appeal a failure
> of the Bureau of Prisons to bring a motion on the defendant's

1

> behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A); *see United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). The defendant bears the burden of establishing that a sentence reduction is warranted. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

In his motion, Defendant asserted that he "exhausted his administrative remedies" because he filed it more than thirty days after his warden received his administrative request. He identified the following as extraordinary and compelling reasons for a sentence reduction: (1) he "has medical conditions which make him susceptible to [severe] symptoms from COVID-19 infection"; (2) the conditions of his imprisonment have been unusually harsh; (3) "[t]he Court's sentence and the Eighth Circuit's affirmance were infected with prosecutors' violations of [his] constitutional rights"; (4) "[t]he government's egregious retaliation against [him] on account of his constitutional challenges to the federal mail fraud and wire fraud statutes and the Hobbs Act"; (5) his inability to see his children for nearly two years; (6) "his lack of access to the courts and Bureau of Prisons officials' active interference with [his] access to the courts"; (7) his service to other inmates as a GED tutor; and (8) the need "to push back

against prosecutors' standardless criminalization of 'routine' litigation methods." Defendant claimed that his release "would not raise any safety concerns." Finally, he stated that "[t]he Court carefully weighed the 3553 factors when it sentenced [him]"; that his "imprisonment is much harsher than what the Court could have reasonably anticipated at sentencing"; and "that, due to the government's misrepresentations and omissions, the Court may not have fully appreciated that it was sentencing [him] to prison for using a 'routine' copyright enforcement method."

Before the First Step Act amended § 3582(c)(1)(A) to allow a defendant to move for a sentence reduction, the United States Sentencing Commission issued a policy statement that addresses a reduction in a term of imprisonment under § 3582(c)(1)(A):

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  Under certain circumstances, a defendant's "terminal illness" or "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes an "extraordinary and compelling reason" for a sentence reduction.  *Id.* cmt. n.1.  "The death or incapacitation of the caregiver of the defendant's minor child or minor children" may also constitute an "extraordinary and compelling reason" for a sentence reduction.  *Id.*  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."  *Id.* cmt. n.3; *see* 28 U.S.C. § 994(t).

"[S]everal courts [have] conclude[d] that § 1B1.13 is not 'applicable' to motions filed by a defendant under § 3582(c)(1)(A).  One circuit has disagreed and concluded that § 1B1.13 remains applicable because a court can still apply the substantive standards in the policy statement to a motion filed by a defendant."  *United States v. Crandall*, 25 F.4th 582, 584-85 (8th Cir.) (citations omitted), *cert. denied*, 142 S. Ct. 2781 (2022).  The Eighth Circuit has not resolved the issue.  *See id.* at 585; *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).  The Court need not resolve the issue here.  Even if U.S.S.G. § 1B1.13 is not applicable, Defendant has not demonstrated extraordinary and compelling reasons for a sentence reduction.  *See Marcussen*, 15 F.4th at 859.  Nor has he demonstrated that a sentence reduction is consistent with the § 3553(a) factors.

According to Defendant, he contracted COVID-19 before vaccines were available and experienced extreme fatigue, a dry cough, a loss of appetite, and blackouts.  Several months later, he contracted COVID-19 again.  Defendant's symptoms were not as severe

4

as those experienced during his first infection. He has received a COVID-19 vaccine. Because his body mass index is greater than 25, Defendant asserted that he is susceptible to severe symptoms from a future infection of COVID-19. Defendant has not demonstrated that his alleged susceptibility to severe symptoms from COVID-19 constitutes an extraordinary and compelling reason for a sentence reduction. *See Marcussen*, 15 F.4th at 858-59. Nor has he demonstrated that pandemic-related restrictions during his imprisonment constitute extraordinary and compelling reasons for a sentence reduction. *See United States v. Morris*, No. 22-2204, 2022 WL 5422343, at *2 (3d Cir. Oct. 7, 2022) (per curiam); *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022). Defendant claimed that he has an "exemplary record as an inmate" and that he "devoted much of his time as an inmate towards helping inmates obtain their GED." His record and service to other inmates do not constitute extraordinary and compelling reasons for a sentence reduction. *See* 28 U.S.C. § 994(t). Defendant's contentions regarding his prosecution, his sentence, and his appeal, and the retaliation he has allegedly experienced, are not proper grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Jenkins*, 50 F.4th 1185, 1201 (D.C. Cir. 2022); *United States v. Camillo-Amisano*, No. 21-10945, 2022 WL 1698653, at *1 (5th Cir. May 26, 2022) (per curiam); *Crandall*, 25 F.4th at 586; *United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021). Considered individually or collectively, the reasons offered by Defendant for a sentence reduction are not "extraordinary and compelling."

In addition, Defendant has not demonstrated that a sentence reduction is consistent with the § 3553(a) factors. At sentencing, the Court gave "serious consideration" to a

sentence above the guideline range of 135 to 168 months' imprisonment because of Defendant's gross abuse of a position of trust, infliction of incalculable harm to the administration of justice, and persistent criminal conduct. Defendant has served approximately 3.5 years of his 168-month sentence. A reduction of his sentence is not consistent with the § 3553(a) factors.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 211] is DENIED.

Dated: December 2, 2022

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge