TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

---------------------------------------------------------------------------------------

FROM: 20953041
TO:
SUBJECT: Motion for Compassionate Release
DATE: 12/26/2022 03:34:59 PM

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
BY MAIL
DEC 30 2022
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
DEC 30 2022
U.S. DISTRICT COURT MPLS

United States of America,
    Plaintiff,

v.                                                            No. 16-cr-334(1)

Paul Hansmeier,
    Defendant.

MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. 3581(c)(1)(A)(i)

Movant Paul Hansmeier respectfully moves the Court to reduce his sentence by two years (or by whatever other amount the Court deems just and equitable) in light of what the press has labeled Hansmeier's "torture" at the hand of certain Bureau of Prisons officers on account of his petitioning activity.

Specifically, Hansmeier engaged in petitioning activity and, in response, prison officials threw him in an isolation cell for five months. While he was in the isolation cell, Hansmeier was limited to one phone call to his family per month, he was locked in a tiny, windowless room where the light stayed on 24 hours a day, he was prohibited from receiving a newspaper or any other periodicals and he was prohibited from having attorney-client privileged calls---all while Hansmeier's attorney was in the course of preparing a petition for a writ of certiorari to the Eighth Circuit. Prison officials also attempted transfer Hansmeier to a medium prison (where Hansmeier would be exposed to a significantly greater risk of violence) in Mississippi (so he wouldn't be able to see his children, wife, parents and siblings). Prison officials also attempted to impose disciplinary sanctions---which, had they stuck, would have lengthened Hansmeier's term of imprisonment by an estimated six months and deprived Hansmeier the ability to communicate with his loved ones from the faraway prison; Hansmeier is grateful that an administrative hearing officer threw these charges out. Finally, prison officials referred Hansmeier for criminal prosecution based on his petitioning activity. The U.S. Attorney's office made the correct decision in rejecting the frivolous referral.

Hansmeier raised this issue as a supplement to his December 2021 motion to reduce sentence, but the Court's recent order denying the 2021 motion did not appear to address it. Accordingly, Hansmeier is renewing this issue (and this issue alone) in this standalone motion.

The exhibit to this motion is an article from a prominent legal news publication, which accurately describes and decries what it labels Hansmeier's "torture." The article's author is quite clear in his distaste for Hansmeier, but makes a compelling case that bigger principles require some sort of action to address these anti-American actions.

The Court has the power and responsibility to take action by granting Hansmeier's motion. Its duty to do so is heightened by the need for the Court to define some limit on the power of government officials to punish "unwanted" petitioning activity. Human nature being what it is, government officials will continue engaging in worse and worse acts against "unwanted" petitioning activity until the Court rouses from its First Amendment slumber. The Court's most important job is to protect the People from the government. It should do so here.

To prevail in this motion, Hansmeier must show administrative remedy exhaustion; extraordinary and compelling reasons; that the 3553(a) factors support a reduction and that the reduction would not pose a public safety concern. Hansmeier makes this showing here.

EXHAUSTION. Hansmeier exhausted this issue in connection with the request to the warden he submitted in advance of his December 2021 motion.

EXTRAORDINARY AND COMPELLING REASONS. The torture (with the term "torture" being appropriate, as the attached article notes, under the technical definition offered by the United Nations) of attorneys or anyone else by prison officials for exercising their First Amendment petitioning rights is an extraordinary and compelling reason, as it is a rare and significant affront to the rights that define what it means to be an American. Courts nationwide have not hesitated to find extraordinary and

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

----------------------------------------------------------------------------------------------------

compelling reasons in response to prison official misconduct.

For example, inmates sexually assaulted by BOP staff have been granted relief under 18 U.S.C. 3582(c)(1)(A)(i). See, e.g., United States v. Brice, 13-cr-206-2 (E.D. Pa. Dec. 15, 2022) (granting 30 month reduction in sentence). By way of another example, even a delay in medical care has been found to constitute an extraordinary and compelling reason. In United States v. Brakken, an inmate at Sandstone FCI filed a motion under 18 U.S.C. 3582(c)(1)(A)(i) in light of the BOP's delay in providing him back surgery. The government did not oppose the motion and Judge Tostrud granted it. In light of the government's non-opposition in Brakken, the Court should allow the government an opportunity to offer a non-opposition to this motion.

3553(A) FACTORS. The torture of any adult in custody for exercising core Constitutional rights (or for any other reason) goes directly to the 3553(a) factors. The Court's negative comments about Hansmeier at sentencing were not an endorsement for the government to torture him. Due to his torture, Hansmeier's term of imprisonment has been orders of magnitude harsher than what the Court could have anticipated at sentencing. By granting Hansmeier his requested two year sentence reduction, the Court will be aligning Hansmeier's sentence with the 12 years that the government requested at sentencing. The Court would also moot Claim 15 of Hansmeier's amended 2255 petition, in which Hansmeier notes that his 14 year sentence exceeds by two years the statutory maximum sentence applicable to the Class C offenses Hansmeier was convicted of.

PUBLIC SAFETY. Public safety is a non-issue. Hansmeier is in prison for filing copyright enforcement claims. Moreover, if successful, his motion would not result in him being released from prison.

Hansmeier respectfully requests that the Court grant this motion for compassionate release (or at least order the government to respond to see if the government even opposes it).

Hansmeier also respectfully reminds the Court of its power to transfer Hansmeier to home confinement by reducing Hansmeier's sentence to time served and adding back supervised release with the special condition of home confinement. Hansmeier raised this request in his December 2021 motion, but the issue went unaddressed. There are no public safety or other concerns that would counsel against this relief and the Court would be doing the Bureau of Prisons a favor by freeing up scare bed space---which, of course, is better used for people whose personal characteristics (threat of violence, flight, etc.) justify the taxpayer largesse associated with the federal prison lifestyle.

Respectfully submitted,                                                                    Dated: January 1, 2023

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072