TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

---

FROM: 20953041
TO:
SUBJECT: Mtn. for PJ - 01 of 04
DATE: 01/15/2023 03:50:16 PM

RECEIVED BY MAIL
JAN 19 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
JAN 19 2023
U.S. DISTRICT COURT MPLS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA
16-cr-334 (JNE)
Paul R. Hansmeier (Defendant-Movant) v. United States of America (Plaintiff-Respondent)

MOTION FOR A PRELIMINARY INJUNCTION

Paul R. Hansmeier would like to hire an undercover investigator to protect his copyrights against Internet piracy and bring claims under the Copyright Act and the Computer Fraud and Abuse Act against people who trespass on his computers to infringe his works. Hansmeier moves the Court to enjoin the government from enforcing the mail-wire fraud conspiracy (18 U.S.C. 1349) and money laundering conspiracy (18 U.S.C. 1956(h)) statutes against him on account of this copyright enforcement activity. This motion is based on the attached memorandum of law, the Declaration of Paul Hansmeier and the entire record of these proceedings.

_[signature]_   Dated: 1/16/23

Paul R. Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

MEMORANDUM IN SUPPORT

The Court should enjoin the government from enforcing the mail-wire fraud conspiracy and money laundering conspiracy statutes (the "Challenged Statutes") against Hansmeier on account of his copyright enforcement activities.

I. Introduction

Internet piracy continues to be a very difficult problem, and Hansmeier would like to protect his copyrights against it. Hansmeier seeks to do so in a way that addresses the political issues raised by his prior anti-piracy litigation. The primary impediment to Hansmeier protecting his copyrights against Internet piracy is the chilling effect of the government's criminalization of the routine copyright enforcement methods Hansmeier seeks to use now. In this motion, Hansmeier asks the Court to enjoin the government from enforcing the Challenged Statutes against him on account of his copyright enforcement petitioning activity while the Court weighs the issues in Hansmeier's pending 2255 motion.

II. Background.

Paul Hansmeier would like to hire an undercover investigator to enforce his copyrights in creative works and bring claims under the Copyright Act and the Computer Fraud and Abuse Act against people who pirate the works. The Copyright Act claim will be based on the allegation that these people violated Hansmeier's exclusive right of reproduction of the works. 17 U.S.C. 106(1); 17 U.S.C. 501(a). The Computer Fraud and Abuse Act claim will be based on the allegation that the pirates intentionally accessed Hansmeier's computers without authorization to pirate the works. 18 U.S.C. 1030(a)(2)(C).

Hansmeier's claims will be well supported by Circuit Court and Supreme Court precedent. Hansmeier's copyright infringement claims will be modeled after the claims successfully brought by the copyright holder in Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345 (8th Cir. 1994). In the Eighth Circuit, copyright holders may use investigators to enforce copyright infringement claims, as Hansmeier seeks to do here. Capitol Records, Inc. v. Thomas, 579 F. Supp. 2d 1210, 1216 (D. Minn. 2008) ("Eighth Circuit precedent clearly approves of the use of investigators by copyright owners.").

Hansmeier's Computer Fraud and Abuse Act claims will be supported by Supreme Court precedent. VanBuren v. United States, 141 S.Ct. 1648, 1652-53 (2021) (noting that 18 U.S.C. 1030(a)(2)(C) is violated when a person accesses an Internet-connected computer without authorization to obtain information).

Hansmeier is chilled from engaging in this petitioning activity by the credible threat of criminal prosecution under the

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

----------------------------------------------------------------------------------------

Challenged Statutes. The threat arises from Hansmeier's current imprisonment based on his participation in copyright enforcement activity similar to that which he wants to participate in now. Hansmeier's conviction is being challenged in Hansmeier's pending 2255 motion. Hansmeier thus faces a choice between refraining from this valuable petitioning activity altogether or proceeding with the petitioning activity under the threat of criminal prosecution.

In the copyright enforcement litigation he would like to undertake, Hansmeier will endeavor to proactively address the political concerns that raised the ire of certain federal judges. First, Hansmeier will avoid association with pornography; his copyrights are in less socially-stigmatizing material, like poetry. Second, Hansmeier will sue fewer people; instead of suing thousands of people at a time, he will bring more significant cases against a considerably smaller number of people. Third, Hansmeier will avoid the use of John Doe lawsuits; rather, by the time he comes to court, Hansmeier will already know the infringer's identity. Fourth, Hansmeier will be the named plaintiff and he will affirmatively disclose his investigative methods. Fifth, Hansmeier will devote a portion of any proceeds that his copyright enforcement efforts generate to support Minnesota-based creative expression.

Hansmeier's litigation will be socially valuable. Internet piracy is a cancer eating away at the markets for creative expression. It destroys the incentive to invest in creative output and thus lessens the public's access to works that enrich the human experience. Piracy---which is really just theft---contributes nothing to our society. Efforts to deter piracy benefit our society with no corresponding harm to the public; the only person who loses is the pirate, but pirates can avoid being sued if they don't steal.

In summary, Hansmeier would like to bring well grounded, socially valuable copyright enforcement claims against Internet pirates. Hansmeier will attempt to address the political issues raised by his prior petitioning activity by making the changes discussed above.

[intentionally left blank]

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

----------------------------------------------------------------------------------

FROM: 20953041
TO:
SUBJECT: Mtn. for PJ - 02 of 04
DATE: 01/15/2023 03:50:34 PM

II. Argument.

    Hansmeier bears the burden of showing: (1) he is likely to succeed on the merits of his 2255 motion; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. See Watkins v. Lewis, 346 F.3d 841 (8th Cir. 2003). Because this case involves the government, the balance of equities factor merges with the fourth factor, public interest. Nken v. Holder, 556 U.S. 418, 435 (2009).

    A. Hansmeier has a strong likelihood of success on the merits of his 2255 motion.

    Hansmeier has a strong likelihood of success on the merits of his 2255 motion. Hansmeier's 2255 motion demonstrates that the activity in this case was not fraud, it is protected by the Constitution and these proceedings were structurally flawed.

    1. The activity in this case was not fraud.

    The Eighth Circuit and Supreme Court have established limitations on the federal fraud statutes that prevent these statutes from becoming mere political tools. The government does not dispute Hansmeier's showing that this is a jurisdictional issue. See, e.g., United States v. Peter, 310 F.3d 709, 715-16 (11th Cir. 2002). Thus, the Court has no discretion but to address it. The activity in this case was not fraud because:

    CLAIM 1 - Hansmeier gave the settling defendants everything they paid for and there is no suggestion he intended to do otherwise. In United States v. Jain, 93 F.3d 436 (8th Cir. 1999), the Eighth Circuit joined several other Circuit Courts in holding that the essence of a scheme to defraud is the intent to cheat someone out of what they paid for. In this case, the settling defendants paid for dismissal and received the dismissal they paid for. Accordingly, whatever it was that was established at the change of plea hearing, it was not mail-wire fraud conspiracy. The Court lacked jurisdiction to accept Hansmeier's guilty plea. This issue remains unaddressed after a half decade's worth of litigation.

    CLAIM 2 - The Eighth Circuit's decision separated the activity in this case into two litigation strategies. In the first litigation strategy, the Eighth Circuit held that Hansmeier concealed material information from the courts. Yet, the basis for this finding was the government's judicially noticeable lie that courts dismissed Hansmeier's cases and sanctioned him when they learned of the omitted information. For the past half-decade, the government has never identified a case in which this happened. Since this never happened, there were no material omissions with respect to the first litigation strategy. Mail-wire fraud conspiracy requires material misrepresentations or omissions. The lack of any in the first litigation strategy left the Court without jurisdiction to accept Hansmeier's guilty plea. Peter, 310 F.3d at 715-16. The Eighth Circuit addressed whether the indictment established materiality, though its analysis was infected by the government's lie. The Eighth Circuit did not address whether the facts established at the change of plea hearing established materiality.

    CLAIM 3 - Hansmeier gave the settling defendants everything they paid for in settlement. He did not deprive them of property; rather, he engaged in a trade: money in exchange for dismissal. The object of mail-wire fraud conspiracy must be property in the hands of the victim, and someone who gives up something but receives the value of what they paid for is not deprived of property. The only other possible victim was the courts, but all they parted with was an exercise of power. That is not property. Since the object of the conspiracy was not property, the Court lacked jurisdiction to accept Hansmeier's guilty plea. Peter, 310 F.3d at 715-16.

    CLAIM 4 - The Eighth Circuit has categorically excluded litigation activity from the scope of the federal criminal statutes--- even groundless, bad faith litigation activity. I.S. Joseph Co. v. J. Lauritzen A/S, 751 F.2d 265, 267-68 (8th Cir. 1984). At most, the indictment alleges groundless, bad faith litigation activity (though, in reality, it alleges meritorious litigation activity that experienced attorneys would recognize as such). Since all of the activity was litigation activity, it cannot be mail-wire fraud conspiracy. The Court lacked jurisdiction to accept Hansmeier's guilty plea. Peter, 310 F.3d at 715-16. This issue remains unaddressed after a half-decade's-worth of litigation.

    CLAIM 5 - The government had two burdens in this case: establishing fraud in the indictment and establishing fraud at the change of plea hearing. Hansmeier only admitted to a subset of the facts in the indictment at his change of plea. The Eighth Circuit did not reach the issue of whether the facts at the change of plea hearing established fraud. Because the facts didn't establish fraud, the Court lacked jurisdiction to accept Hansmeier's guilty plea. Peter, 310 F.3d at 715-16. This issue remains

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

----------------------------------------------------------------------------------------

unaddressed after a half-decade's-worth of litigation.

    CLAIM 14 - Fraud by omission requires a duty to disclose; otherwise, any business deal would be subject to a "redo" based on allegations that someone concealed material information. The facts in this case do not show that Hansmeier had a duty to disclose the facts that were allegedly concealed in the first litigation strategy. As a result, the Court lacked jurisdiction to accept Hansmeier's guilty plea. Peter, 310 F.3d at 715-16. This issue has not been addressed in this case.

    CLAIM 16 - Congress did not grant the Department of Justice in 18 U.S.C. 1349 (or any derivative statutes) the power to prosecute litigants and attorneys based on allegations of fraudulent litigation conduct. Before the Court can allow the Department to patrol the civil dockets for unsworn misstatements and omissions to judges, the Department must do more than provide a plausible textual basis that Congress intended to confer that power on the Department. Congress' refusal to do so in 18 U.S.C. 1001---the statute that specifically regulates unsworn statements to judges---is telling; that statute expressly excludes the unsworn statements and omissions of parties and their attorneys from criminal liability. Given the significant economic and political consequences of allowing virtually any litigation to be criminalized at prosecutorial discretion, the Department has not met its showing of clear Congressional intent to confer this power. Accordingly, the conduct in this case falls outside the scope of 18 U.S.C. 1349 or the statute violates the Constitution. In either event the judgment is void. This issue has not been addressed in this proceeding.

[intentionally left blank]

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

---

FROM: 20953041
TO:
SUBJECT: Mtn. for PJ - 03 of 04
DATE: 01/15/2023 04:00:33 PM

2. The activity in this case is protected by the Constitution.

CLAIMS 6, 7 and 13. The plain text of the First Amendment's Petition Clause covers the activity in this case. Under Bruen, the government bears a burden of showing that its application of the mail-wire fraud and money laundering conspiracy statutes to this activity is consistent with the Nation's historical tradition of regulating litigation conduct. The government has made no attempt to do so. The Challenged Statutes thus violate the First Amendment. This is true even if the Court subjectively (but incorrectly) believes that the facts of this case demonstrate meritless petitioning activity. The judgement is void. The Eighth Circuit did not address this issue.

CLAIM 8 - The Challenged Statutes criminalize litigation whenever a prosecutor doesn't like it. In this case, assistant United States attorneys used the Challenged Statutes to criminalize copyright enforcement litigation that is firmly rooted in the plain text of the Copyright Act, Circuit Court precedent, and historical practice. This standardless and arbitrary environment is precisely what the Fifth Amendment's Due Process Clause forbids. Hansmeier's conviction is void. This issue remains unaddressed after a half-decade's-worth of litigation.

CLAIM 9 - The Constitution preserves liberty by diffusing power among a broad range of government officials and entities; the idea is that the diffusion of power is more likely to make government responsive to the People. The theory of fraud in this case impermissibly concentrates power in the hands of the Department of Justice. In this case, for example, the Department's theory of fraud conflicts with the plain text of the Copyright Act (at the expense of Congress's legislative and copyright powers) and judicial interpretations of the same (at the expense of the judiciary's power to say what the law is). To the extent the Challenged Statues cover the conduct at issue here, they impermissibly intrude on these powers, leaving the judgment void. This issue remains unaddressed over a half decade's worth of litigation.

3. These proceedings were structurally flawed.

CLAIM 11 - The Court is required to recuse itself because its partiality might reasonably be questioned, it has personal knowledge of disputed facts and it should expect to be called as a witness. 28 U.S.C. 455(a), (b)(1) and (b)(5)(iv). All of this is true by virtue of the fact that the Court presided over the cases at issue (making it a victim of and a witness to Hansmeier's conduct) and has presided over these criminal proceedings (making it a victim of and a witness to the government counsel's conduct). Moreover, the Court's close relationship with Andy Luger and the role Luger played in the Court's confirmation to the federal bench deprive the Court of fitness to decide, at a minimum, Claims 10 and 18. The judgment is void. This issue has remained unaddressed in the half-decade's worth of litigation.

CLAIM 12 - Government counsel's misconduct deprived Hansmeier the effective assistance of counsel by: (1) misleading Hansmeier's counsel as to the law of copyright enforcement; (2) soaking up Hansmeier's counsel's resources in addressing the misconduct versus advocating on Hansmeier's behalf; (3) forcing counsel to advise Hansmeier to plead guilty to charges he is innocent of; and (4) creating a conflict of interest between Hansmeier and his counsel. This issue has not been addressed in these proceedings.

CLAIM 15 - The maximum sentence authorized by law for the Class C offenses is 12 years. Hansmeier was convicted of Class C offenses, but he was sentenced to 14 years on each offense. The Court acted in excess of its jurisdiction. This jurisdictional issue has not been addressed in these proceedings.

CLAIM 17 - The Court's decision to withhold judgment on all of Hansmeier's issues prevented the Court from issuing a valid final judgment. This jurisdictional issue has not been addressed in these proceedings.

CLAIMS 10 and 18 - The Court's holding is that a person violates the federal fraud statutes if they make material misrepresentations or omissions to a court. By this standard, counsel for the government engaged in persistent criminal activity in this proceeding. For example, counsel represented to the Court and the Eighth Circuit that courts started dismissing Hansmeier's cases and sanctioning him once they learned about his investigative methods; this was the sole fact cited by the Eighth Circuit in its affirmance with respect to the first litigation strategy. This lie (for over a half decade, the government has never identified a case in which this actually happened) is responsible for Hansmeier's three-and-a-half years' worth of illegal imprisonment. Government counsel's resort to criminal activity to obtain and defend Hansmeier's conviction is an extreme due process violation that prevents the government from obtaining any conviction at all, leaving the judgment void. This issue

CASE 0:16-cr-00334-JNE-KMM   Doc. 270   Filed 01/19/23   Page 6 of 6

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A
---------------------------------------------------------------------------------------

remains unaddressed. As a victim of and a witness to this criminal activity, the Court lacks fitness under 28 U.S.C. 455(a), (b)(1) and (b)(5)(iv). to decide Claims 10 and 18.

The foregoing arguments are straightforward reasons why Hansmeier's conviction should be vacated. The government has failed to rebut Hansmeier's showings. Hansmeier has a strong likelihood of success on the merits of his claims.

B. Hansmeier is Likely to Suffer Irreparable Harm in the Absence of Injunctive Relief.

Hansmeier is likely to suffer irreparable harm in the absence of injunctive relief because Hansmeier has lost his First Amendment freedoms. Specifically, Hansmeier is chilled from engaging in First Amendment-protected activity. Hansmeier's proposed copyright enforcement activity is protected by the First Amendment's Petition Clause, which "protects the rights of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea v. Guarnieri, 564 U.S. 379, 387 (2011). Here, Hansmeier seeks to petition the courts for relief under the Copyright Act and Computer Fraud and Abuse Act based on allegations that the defendants to his claims violated Hansmeier's rights under these Acts. "A loss of First Amendment freedoms, for even minimum periods of time, unquestionably constitutes irreparable injury for the purposes of a preliminary injunction." Eldrod v. Burns, 427 U.S. 347, 373 (1976). See also Bronx Households of Faith v. Bd. of Educ. of City of NY, 331 F.3d 342, 349 (2d Cir. 2003) (holding that injury may presumed from a rule or regulation that directly limits First Amendment protected activity.

C. The Balance of Equities/Public Interest Favors Hansmeier.

Since this case involves the government, the balance of equities factor merges with the fourth factor, public interest. Nken v. Holder, 566 U.S. 418, 435 (2009). When considering the competing claims of injury and the effect on each part of the granting or withholding of the requested relief, the balance strongly favors Hansmeier.

Piracy is purely parasitic because it contributes nothing to society. There is no loss to society from lessening piracy. Meanwhile, deterring piracy promotes creative expression and respect for the law. The public benefits from both. Greater creative output enriches the human experience and promotes our Nation's values to the rest of the world. Respect for the law promotes adherence to the values that we have chosen to govern our daily lives.

We do not want the Internet to be characterized by lawlessness any more than we want our cities, states and nation to be lawless and anarchistic.

III. Conclusion

The Court should grant Hansmeier's motion for a preliminary injunction because he has a likelihood of success on the merits of his 2255 motion, he is likely to suffer irreparable harm in the absence of an injunction and the balance of equities/public interest favors Hansmeier.

Dated: 1/16/23

Paul Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072