TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

---

FROM: 20953041
TO:
SUBJECT: Mtn. to Disqualify
DATE: 01/22/2023 09:51:42 AM

SCANNED JAN 25 2023 U.S. DISTRICT COURT MPLS

RECEIVED BY MAIL JAN 25 2023 CLERK U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA
16-cr-334 (JNE)
Paul R. Hansmeier (Defendant-Movant) v. United States of America (Plaintiff-Respondent)

LIMITED MOTION TO DISQUALIFY UNDER 28 U.S.C. 455(A), (B)(1) AND (B)(5)(IV)

Defendant-movant Paul R. Hansmeier respectfully moves the Court to disqualify itself from deciding Claims 10 and 18 in Hansmeier's pending 28 U.S.C. 2255 motion. This motion is brought pursuant to 28 U.S.C. 455(a), (b)(1) and (b)(5)(iv). In support of this motion, Hansmeier states as follows:

1. Hansmeier's pending 2255 motion raises three categories of claims: (1) the activity in this case is not fraud or any derivative offense; (2) it is constitutionally protected; and (3) these proceedings were structurally flawed. Within the third category are claims, Claims 10 and 18, which allege that the U.S. Attorney and his subordinates have resorted to violations of the federal mail-wire fraud statutes (as those statutes have been interpreted by the Court to date) or something sufficiently close to it to obtain and defend Hansmeier's conviction. This motion asks the Court to disqualify itself from deciding Claims 10 and 18.

2. This motion is necessary only if the Court reaches these claims. Hansmeier's motion is capable of being resolved on the more limited grounds presented in the first and second categories of claims. The reasons for disqualification presented in this motion do not applies to claims other than Claims 10 and 18.

3. However, if the Court reaches Claims 10 and 18, then recusal is mandatory under several provisions of 28 U.S.C. 455.

4. Section 455(b)(1) mandates recusal when a judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." Here, the Court has personal knowledge of the materiality of the government's misstatements and omissions. For example, the government lied to the Court by claiming that Hansmeier's use of an investigator to ferret out infringement rendered Hansmeier's copyright infringement claims meritless. The government lied to the Court by claiming that courts started dismissing Hansmeier's claims and sanctioning him once they found out about Hansmeier's use of an investigator (for over a half decade, and despite repeated requests, the government has never identified a case in which this happened). The government concealed from the Court the conflicts between its theory of fraud and Eighth Circuit precedent, including the decisions in United States v. Jain (no fraud unless the defendant intended to cheat someone out of what they paid for), I.S. Joseph Co. (allegations of "fraudulent" litigation are categorically excluded from the scope of the fraud statutes) and Olan Mills, Inc. (use of an investigator yields meritorious copyright infringement claims). The government claims that these misstatements and omissions were immaterial to the Court; Hansmeier claims they were. The Court has personal knowledge of whether these misstatements and omissions were material to it and must recuse itself from deciding these claims.

5. Section 455(b)(5)(iv) mandates recusal if the judge "is likely to be a material witness in the proceeding." An evidentiary hearing over Claims 10 and 18 is required because there is a factual dispute over whether the government's misstatements and omissions were material to the Court. the Court is identically situated to the judges (Edward Chen, Otis Wright, II, Jeannie Mayeron and Tanya Bransford) that the government was prepared to call at Hansmeier's trial; these judges were going to be called to testify about whether the misstatements and omissions the government alleged against Hansmeier were material to the judges. While it is a breach of norms to call judges as witnesses, the government opened the door to this practice and Hansmeier is required to do the same to vacate his illegal conviction. The Court cannot preside over an evidentiary hearing at which it will be the key witness.

6. Section 455(a) mandates recusal "in any proceeding in which [the judge's] partiality might reasonably be questioned." The Court's history with Andy Luger is a basis for section 455(a) disqualification. The confirmation process for the Court's nomination to the federal bench included the Senate Judiciary Committee's questionnaire. In the Court's responses to the Senate Judiciary Committee's questionnaire, the Court stated: "I tried, with co-counsel Andrew M. Luger ... telephone number 612-373-0830 ... United States v. Blodgett, 32 F.3d 871 (8th Cir. 1994). This was a mail and wire fraud case involving a $40,000,000 swindle in the sale of investment securities." Declaration of Paul R. Hansmeier, Exhibit A at Question 19. The Court's identification of Andy Luger as its co-counsel in the Blodgett matter in response to a question requesting a listing of the "most significant matters which you personally handled" gives rise to reasonable questions regarding the Court's partiality over Claims 10 and 18. Specifically, by identifying Andy Luger on its answers to the Senate Judiciary Committee and providing his

TRULINCS 20953041 - HANSMEIER, PAUL R - Unit: SST-F-A

---

phone number, the Court was listing Luger as a reference for its nomination. Luger's role in the Court's confirmation to the federal bench gives rise to a political and professional debt.

7. Luger is one of the attorneys whom Hansmeier alleges has lied to the Court; indeed, as the U.S. Attorney who brought charges against Hansmeier, Luger is the architect of the government's case. The Court's political and professional debt to Luger would cause an ordinary person to question the Court's partiality. A reasonable person would believe that the Court will repay its debt by protecting Luger even in a circumstance in which Luger has committed a horrible wrong.

*[signature]*  Dated: January 22, 2023

Paul R. Hansmeier
20953-041 Unit F
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072